No. 28,137.

W. S. Shaw, *Appellant*, v. The Board of County Commissioners
of the County of Lyon, *Appellee*.

(267 Pac. 1096.)

Opinion filed June 9, 1928.

*C. S. Denison, E. V. Bruce,* both of Pittsburg, *W. S. Kretsinger* and *R. E. Boynton,* both of Emporia, for the appellant.

*O. R. Stites,* county attorney, for the appellee.

The opinion of the court was delivered by

Hutchison, J.: This is an action against the board of county commissioners of Lyon county to recover damages occasioned by a defective bridge and approach thereto, particularly with reference to the guard rail, and involves the question of the statute of limitations and the sufficiency of the evidence of the required five days' notice of such defect to the chairman of the board. The answer was a general denial and a plea of contributory negligence, and the reply was a general denial.

An objection was made by the defendant at the beginning of the trial to the introduction of any evidence because the cause of action was barred by the two-year statute of limitations. The court reserved the ruling on the objection and proceeded with the introduction of evidence until the plaintiff rested. The defendant then filed a demurrer to the evidence and reminded the court of the objection to the introduction of evidence, the ruling on which had been re-

served. In the further consideration of the objection which followed, the attention of the court seemed to be centered upon the regularity and sufficiency of the service of summons upon the defendant, so that if the first attempt at service was not good the case would not be deemed as commenced within the period of two years from the time of the injury. After hearing evidence as to the service, because the record of such was lost and incomplete, the court sustained the objection to the introduction of evidence, because the action was not commenced within two years after the date of the injury. Counsel for defendant then requested the court to rule upon the demurrer at the same time. Thereupon the court sustained the demurrer to the evidence upon two grounds—because the action was barred by the statute of limitations, and because the evidence did not disclose the statutory knowledge of, or notice to, the chairman of the board. The motion for a new trial filed by plaintiff was overruled, and the plaintiff appeals.

It was error to sustain the objection to the introduction of evidence, because an action against a county for damages on account of a defective bridge is a liability created by statute, and the two-year statute of limitations does not apply.

"Under the statute providing that 'an action upon a liability created by statute, other than a forfeiture or penalty' can only be brought within three years, and 'an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated,' only within two, an action against a county based on injuries due to a defective bridge falls within the former classification—it is one upon a liability created by statute and the period of limitation applicable to it is three years." (*Hollinger v. Dickinson County*, 115 Kan. 92, syl., 222 Pac. 136.)

It is said the three-year statute was not mentioned in this connection in the trial court and therefore should not be argued on appeal, but that is not the real question. The dates in the petition show it is fully within the three-year limit, and, of course, no one would invoke that statute under such circumstances. The only question before the trial court was whether or not the action was barred by the two-year statute, and, since it is not applicable to this kind of a case, the action was not and could not be barred by it.

The ruling of the trial court on the demurrer to the evidence was consistent with the ruling on the objection as to the first ground and erroneous for the same reason as on the earlier ruling. Appellant urges that the second ground given by the court for sustaining the demurrer to the evidence is not good, because there was certainly

enough evidence as to the actual knowledge of, and notice to, the chairman of the board to go to the jury, and if not controverted was sufficient to sustain a verdict. We concur in this view of the evidence as contained in the abstract, especially in the light of the following Kansas decisions to the effect that knowledge of the condition brought home to him by actual notice is knowledge of the alleged defects: *Sims v. Williamsburg Township*, 92 Kan. 636, 141 Pac. 581; *Watkins v. Harper County*, 95 Kan. 166, 168, 147 Pac. 822.

"*Held,* that the latter portion of the instruction is not open to the objection that it authorized a finding of liability upon constructive notice; and that under the circumstances of this case, knowledge of the conditions, brought home to the trustee by actual notice, was knowledge of the defect which plaintiff claims caused the injury." (*Dubourdieu v. Delaware Township,* 106 Kan. 650, syl. ¶ 6, 189 Pac. 386.)

Our conclusion is that the demurrer to the evidence should have been overruled on the second ground as well as the first, on the theory that the chairman of the board had an actual knowledge of the alleged defect, viz., the need of a guard rail on the wing wall if the wing wall was a part of the bridge, or some protection or warning to the traveling public of the dangerous condition of the place if it was only a part and portion of the highway.

"It was a question of fact for the jury and not a question of law for the court whether or not a highway with a stone retaining wall along the side next to a steep creek bank was defective for want of a barrier of some kind to check or restrain frightened horses from going over the wall." (*Sims v. Williamsburg Township,* supra, syl. ¶ 1. See, also, *Dent v. Jefferson County Comm'rs,* 118 Kan. 519, 235 Pac. 873.)

The ruling and judgment of the trial court are reversed and the cause remanded, with instructions to overrule the demurrer to the evidence and grant a new trial.