No. 31,837

ELLEN N. FULLER, *Appellee,* v. THE STATE HIGHWAY COMMISSION OF THE STATE OF KANSAS, *Appellant.*

(38 P. 2d 99)

Opinion filed December 8, 1934.

*Wint Smith,* attorney for the state highway commission, and *Edward F. Arn,* assistant attorney for the state highway commission, for the appellant.

*Barton E. Griffith, James E. Smith, Earl H. Hatcher, Frank H. McFarland* and *Clayton M. Davis,* all of Topeka, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is an action against the state highway commission to recover damages on account of a defective highway. Judgment was for plaintiff, overruling a demurrer to the petition. Defendant appeals.

The injury occurred August 30, 1931. Ninety-day notice was served November 28, 1931. Petition was filed November 23, 1933. The action was brought under the provisions of R. S. 1933 Supp. 68-419. That section is one providing for liability of the state to one injured on account of a defect in a state highway. The part of the statute in which we are interested is as follows:

"*Provided,* That no such action shall be maintained unless within ninety days after the sustaining of such damage, written notice, stating the date, when, and place where such damage was sustained, the name and correct post-office address of the person sustaining such damage, and the character of the damage sustained, shall be served upon the director of highways, either in person or by registered mail at his office in Topeka, Shawnee county, Kansas: *Provided further,* That the action must be commenced within two years."

It will be noted that two years, two months and twenty-one days elapsed between the injury and the filing of the petition. Not that much time had elapsed, however, since the filing of the ninety-day notice. Hence if the running of the statute began when the notice was filed the demurrer was correctly overruled, and if it started when the injury occurred the demurrer should have been sustained. Both sides agree that the statute started when the cause of action accrued. Plaintiff argues that since the action cannot be brought unless the notice is served the giving of notice constitutes a condition precedent to institution of the action and this act must be performed before right to bring the action comes into being. Defendant, on the other hand, contends that while notice is a condition precedent to filing of the action it is not a condition precedent to accrual of the cause of action and is simply a preliminary step referring to the remedy.

It will be noted the provision of the statute is the action must be begun in two years. This provision modifies the portion of the statute which provides for the liability. The action could be begun the next day after the injury occurred provided the notice is served first. The notice does not have any relationship to the liability. It is simply something that must be done preliminary to filing suit.

This court has considered cases where the question was, When did the cause of action accrue?

In *McDaniel v. City of Cherryvale*, 91 Kan. 40, 136 Pac. 899, the action was for permanent damages to the real estate of plaintiff caused by the erection of a refinery and the discharge of sewage therefrom. The plaintiff had served notice within less than two years before the filing of his action. The court held the action should have been brought within two years after the erection of the sewer, when plaintiff was first able to ascertain that his land was damaged. The language in which we are interested is as follows:

"As the sewer system constructed by the city and the refinery constructed by the oil company were permanent in their nature, and as the flow of the sewage and refuse from them was designed to continue indefinitely in the future, a cause of action for permanent damages arose when the sewage and other impurities were first emptied into the stream." (p. 43.)

Here we have a holding that the cause of action accrued when the damage was sustained.

In the case of *Campbell v. City of Wichita*, 101 Kan. 817, 168 Pac. 833, this court considered the question of when a cause of action had accrued. It was an action for damages, and it was claimed that the city had disturbed the plaintiff property owner's means of ingress and egress. The court said:

"There seems to be no dispute that on September 9, 1912, the actual work was begun and a sign put up and the street marked 'Street closed, ordinance No. 4066.' . . . At this point of time, when, the ordinance having been enacted and accepted, the actual work of constructing the barrier was begun and the public were notified by the posting up of a sign that the street was vacated, the plaintiff's cause of action accrued. . . . The amount of damages was just as patent and susceptible of proof then as at any subsequent time." (p. 821.)

The rule is stated in 37 C. J. 955 as follows:

"Where, although the cause of action itself has accrued, some preliminary step is required before a resort can be had to the remedy, the condition referring merely to the remedy and not to the right, the cause will be barred if not brought within the statutory period; therefore, the preliminary step must be taken within that period."

The authorities upon which plaintiff depends deal with the following rule from 37 C. J. 955:

"Where the right to sue, to resort to the particular remedy, . . . depends upon . . . the establishment of particular conditions upon which the peculiar liabilities may be enforced, the running of the statute begins from the . . . establishment of such conditions, and not until then."

The giving of the notice in our statute is not the establishment of particular conditions. It is merely a preliminary step in the bringing of the action.

To the same effect is *White v. King County*, 103 Wash. 327; also *Brehm v. Mayor, Etc., of N. Y.*, 104 N. Y. 186; also, *People v. California S.'Deposit, Etc., Co.*, 41 Cal. A. 727.

The test is whether the serving of the notice is a part of the cause of action or merely a step in the remedy. We have concluded that it was a procedural step in the remedy and that the cause of action accrued when the damages were sustained. Hence the statute started to run then and the demurrer should have been sustained.

The judgment of the trial court is reversed with directions to sustain the demurrer.