14596

STATE *EX REL.* STATE HIGHWAY DEPT. v. PIEDMONT
& NORTHERN RY. CO.

(194 S. E., 631)

June, 1937.

50

*Messrs. John M. Daniel, Attorney General, J. Ivey Humphrey* and *M. J. Hough, Assistant Attorneys General,* and *Wolfe & Fort,* for appellant,

*Messrs. Haynsworth & Haynsworth,* for respondent,

January 7, 1938.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The appellant brought action to recover of the respondent 50 per cent. of the cost of construction of a reinforced concrete bridge over the tracks of the respondent railway company on Highway 13, running from Greenville to Easley, South Carolina.

The appellant claims that it constructed the bridge under the provisions of the Act of the Legislature approved March 8, 1924, and now embodied in the Code of 1932 as Sections 8437 to 8447, inclusive.

The defenses made by the respondent are: That it admits the formal allegations of the complaint; denies liability under the statute law and facts of the case for the claimed *pro rata* share of the cost of construction of the said bridge; challenges the constitutionality of the Act sought to be applied, under the facts alleged and proved; denies that the Act under which plaintiff claims to be acting is applicable to the facts upon which the action is based; pleads the bar of the Statute of Limitations against the action.

The action came on to be heard by his Honor, Judge Oxner, and a jury at the June, 1937, term of the Court of Common Pleas for Greenville County. At the conclusion of the testimony for the plaintiff, the defendant made a motion for an order of nonsuit, which motion was granted.

The appeal is from that order. The respondent gave notice of a motion to sustain the judgment on additional grounds.

For convenience, we shall speak of the parties as plaintiff and defendant.

The pertinent parts of the statute under which plaintiff proceeded are thus stated:

"§ 8437. The provisions of sections 8437 to 8447 shall apply throughout the State of South Carolina."

"§ 8438. Whenever any such department of the State Government * * * having jurisdiction, may determine upon the elimination of a grade crossing by means of a grade separation structure, prompt notice shall be given to the railroad company, or companies, owning or operating the railroad or railroads involved; and within ten days thereafter the representatives of the department and of the railroad or railroads involved shall meet and adopt a layout, with the grades and alignments mutually satisfactory. Failing to agree, then the department may order the railroad or railroads involved to proceed with the construction of such a structure as it may require as indicated in plans and specifications accompanying its order. And it shall be the duty of the said railroad or railroads to begin work thereon within sixty days after receipt of the said order and to complete the structure within a reasonable time."

"§ 8443. Whenever any department shall require a railroad or railroads, under the provisions of sections 8437 to 8447, to construct an overhead bridge or underpass, it shall be the duty of such railroad or railroads to begin work thereon within sixty days after receipt of the order of such department. And in case such railroad or railroads shall not comply with said order within the period specified, then said department shall have the right to proceed with the work and, upon its completion, to bill the railroad or railroads for their proportion thereof, and the railroad or railroads shall pay the same, together with interest at the rate of seven *per centum per annum,* from the date of the completion of the work."

The motion for nonsuit was based upon the following grounds:

1. No evidence to show defendant's liability under the statutes on which plaintiff relies.

2. That the Moorefield letter is not valid and binding as an order. That the commission had no jurisdiction. That

the case did not come within the statute, which alone could give it jurisdiction.

3. If the statute be held to be applicable, then it would be unconstitutional as taking the property of the defendant without due process of law.

4. The action is barred by the statute of limitations.

The motion for nonsuit was granted on the ground that the action is barred by the statute of limitations.

The plaintiff's exceptions on appeal are six in number, which challenge error in holding in effect that the State Highway Department was guilty of laches in not sending the bill of costs to defendant sooner. In holding that there was no necessity for any demand before the cause of action accrued. Error in not differentiating between "cause of action" and "subject of action." Error in not holding that the State is suing in its sovereign capacity and cannot be barred by laches or the statute of limitations; error in not holding the statute law applicable to this case.

The defendant moves to sustain the judgment on the additional grounds: That there is no evidence to show any liability attaching to defendant under the statute upon which plaintiff relies; that the letter of Mr. Moorefield is not valid and binding as an order; that the commission has no jurisdiction; that the case did not come within the elimination of grade statute, which would give it jurisdiction; that if the statute be construed as applicable to the case, then it is unconstitutional as taking the property of defendant without due process of law; that the action is barred by the statute of limitations.

The trial Judge passed definitely on only one ground of those upon which the motion for nonsuit was made, viz., that the action is barred by the statute of limitations. He did, however, strongly intimate his opinion that the facts of the case did not bring it within the statute upon which the plaintiff relies to sustain it.

Is the action barred by the statute of limitations?

Section 356, Code Civ. Proc., 1932, provides that: "Civil actions can only be commenced within the periods prescribed in this title, *after the cause of action shall have accrued.*" (Italics added.)

Section 388 of the Code provides that actions of the nature of this one must be brought within six years after the cause of action accrues.

It is not denied that the bridge was completed the 19th day of February, 1930, and the approaches before the 30th day of April, 1930. June 29, 1931, the State Highway Department sent the defendant a bill for $6,000.19, which it claimed to be due it for defendant's part of the cost of construction of the bridge. Defendant, having previously denied obligation, refused payment.

Did the statute begin to run from April 30, 1930, the date of the final completion of the bridge, or from June 29, 1931, the day when the bill was sent to defendant?

The statute provides that when the work is completed the Highway Department shall bill the defendant railroad for its share of the cost of construction, and that interest shall begin to run from the date of the completion of the work.

When did the cause of action accrue? It is from that date the statute of limitations begins to run. Some issue is sought to be injected by the appellant by its exception to the effect that the trial Judge confused the "cause of action" with the "subject of the action." There need be no confusion in this jurisdiction. The definition of each of these phrases is pointed out in the opinion of this Court in the case of *Ophuls & Hill v. Carolina Ice & Fuel Co.,* 160 S. C., 441, 158 S. E., 824, 827. We do not think the trial Judge was confused thereabout. His rulings show that he applied the definition of "the cause of action" laid down in the named case, to wit: *"The cause of action* has been described as being a legal wrong threatened or committed against the complaining party." Citing: Bliss on Code

Pleading, 3d Ed., 214; *Columbia National Bank v. Rizer,* 153 S. C., 43, 55, 150 S. E., 316, 68 A. L. R., 443.

The cause of action, then, in this case is the defendant's refusal to pay the share of the cost of construction of the bridge which plaintiff claims to be due it under the provisions of the statute.

We are concerned to determine whether the action which plaintiff has brought to enforce its claim is barred by the statute of limitations, and the cardinal question to determine is when the currency of the statute began.

In the determination of that question a primary issue is this: Is the sending of the bill of costs to the defendant on the completion of the work a condition precedent to the beginning of the action? In other words, is the currency of the statute delayed until that bill of costs is sent to the defendant? Was it necessary for plaintiff to make a demand on defendant and await the refusal of payment by defendant before plaintiff could begin its action?

"Generally a demand is necessary to the bringing of an action where it constitutes an essential part of the cause of action. * * *

"The necessity of a demand is obviated where it is shown that it would be useless or unavailing, * * * as where by word or conduct the defendant has denied the plaintiff's right." 1 Am. Jurisprudence, 428, 429.

"So the making of a demand becomes unnecessary where defendant has stated he would not comply, or has otherwise repudiated his obligation." 1 C. J., § 1071.

"As a general rule a demand is a condition precedent whenever it constitutes an essential element of the cause of action, as where there is no precedent debt or duty." 1 Corpus Juris, 979.

In the light of these plain principles of law, it would seem that while plaintiff was required by the statute to send to defendant a bill for its share of the costs of construction, that condition was no part of its right of action. That right accrued when it had completed the work of construction. It

knew then that the defendant denied liability, and would not pay the bill; therefore, it did not have to make demand and await defendant's refusal to pay before it could bring action.

But if a demand had been necessary—that is to say, ■ if it was necessary to send a bill of costs to defendant—it was the duty of plaintiff to do so promptly.

"Where plaintiff's right of action depends upon some act to be performed by him preliminary to commencing suit, and he is under no restraint or disability in the performance of such act, he cannot suspend indefinitely the running of the statute of limitations by delaying the performance of the preliminary act, for it is not the policy of the law to put it within the power of a party to toll the statute of limitations." 37 C. J., 953, 954.

In the present case the bill of costs was not sent until June 29, 1931, more than a year after the work of constructing the bridge was completed. It is in evidence that it might have been sent sooner if plaintiff had pressed forward the work of gathering the data necessary to make out the bill. A witness for plaintiff said it was the custom to wait until all the claims came in.

If plaintiff could, by this means, delay the running of the statute for a year, it could delay it until the six years of its currency has expired.

This matter is most lucidly and satisfactorily discussed in the case of *Fuller v. State Highway Commission,* a Kansas case, decided by the Supreme Court of that state in December, 1934, and reported in 140 Kan., 558, 38 P. (2d) 99, 95 A. L. R., at page 1186. This was an action to recover damages due to an alleged defect in a highway. Under the statute no action can be maintained unless within ninety days after sustaining such damage written notice thereof be given and action must be begun within two years. We quote from the opinion:

"It will be noted that two years, two months, and twenty-one days elapsed between the injury and the filing of the

petition. Not that much time had elapsed, however, since the filing of the ninety-day notice. Hence, if the running of the statute began when the notice was filed, the demurrer was correctly overruled, and, if it started when the injury occurred, the demurrer should have been sustained. Both sides agree that the statute started when the cause of action accrued. Plaintiff argues that, since the action cannot be brought unless the notice is served, the giving of notice constitutes a condition precedent to institution of the action, and this act must be performed before right to bring the action comes into being. Defendant, on the other hand, contends that, while notice is a condition precedent to filing of the action, it is not a condition precedent to accrual of the cause of action, and is simply a preliminary step referring to the remedy.

"It will be noted the provision of the statute is the action must be begun in two years. This provision modifies the portion of the statute which provides for the liability. The action could be begun the next day after the injury occurred, provided the notice is served first. The notice does not have any relationship to the liability. It is simply something that must be done preliminary to filing suit. This Court has considered cases where the question was, When did the cause of action accrue?

"In *McDaniel v. City of Cherryvale,* 91 Kan., 40, 136 P., 899, 900, 50 L. R. A. (N. S.), 388, the action was for permanent damages to the real estate of plaintiff caused by the erection of a refinery and the discharge of sewage therefrom. The plaintiff had served notice within less than two years before the filing of his action. The Court held the suit should have been brought within two years of the erection of the sewer when plaintiff was first able to ascertain that his land was damaged. The language in which we are interested is as follows: 'As the sewer system constructed by the city and the refinery constructed by the oil company were permanent in their nature, and as the flow of the sewage and refuse from them was designed to continue in-

definitely in the future, a cause of action for permanent damages arose when the sewage and other impurities were first emptied into the stream.'

"Here we have a holding that the cause of action accrued when the damage was sustained.

"In the case of *Campbell v. City of Wichita,* 101 Kan., 817, 168 P., 833, 834, this Court considered the question of when a cause of action had accrued. It was an action for damages, and it was claimed the city had disturbed the plaintiff property owner's means of ingress and egress. The Court said: 'There seems to be no dispute that on September 9, 1912, the actual work was begun, and a sign put up, and the street marked, "Street Closed; Ordinance No. 4066." * * * At this point of time when the ordinance having been enacted and accepted, the actual work of constructing the barrier was begun and the public were notified by the posting up of a sign that the street was vacated, the plaintiffs' cause of action accrued. * * * The amount of damages was just as patent and susceptible of proof then as at any subsequent time.'

"The rule is stated in 37 C. J., 955, as follows: 'Where, although the cause of action itself has accrued, some preliminary step is required before a resort can be had to the remedy, the condition referring merely to the remedy and not to the right, the cause will be barred if not brought within the statutory period; therefore, the preliminary step must be taken within that period.'

"The authorities upon which plaintiff depends deal with the following rule from 37 C. J., 955: 'Where the right to sue or resort to a particular remedy, * * * depends upon * * * the establishment of particular conditions upon which the peculiar liabilities may be enforced, the running of the statute begins from the * * * establishment of such conditions and not until then.'

"The giving of the notice in our statute is not the establishment of particular conditions. It is merely a preliminary step in the bringing of the action.

"To the same effect is *White v. King County,* 103 Wash., 327, 174 P., 3; also *Brehm v. Mayor, etc., of New York,* 104 N. Y., 186, 10 N. E., 158; also *People v. California Safe Deposit, etc., Co.,* 41 Cal. App., 727, 183 P., 289.

"The test is whether the serving of the notice is a part of the cause of action or merely a step in the remedy. We have concluded that it was a procedural step in the remedy, and that the cause of action accrued when the damages were sustained. Hence the statute started to run then, and the demurrer should have been sustained."

To us, this seems determinative of this issue. The trial Judge was correct in his holding that the action is barred by the statute of limitations.

Appellant makes the issue by Exception 5, that in this action the State is suing in its sovereign capacity and that the action cannot be barred by laches or the statute of limitations.

The sufficient answer to that contention is that Section 396 of the Code of Civil Procedure expressly provides: "The limitations prescribed by this chapter shall apply to actions brought in the name of the State, or for its benefit, in the same manner as to actions by private parties."

We deem it necessary to consider only one of the additional grounds contained in respondent's motion to sustain the judgment, viz.: That under the facts of this case, as disclosed by the record, the statute under which plaintiff seeks to hold defendant liable for a share of the cost of constructing the bridge is not applicable.

We think the motion must be granted on this ground.

The title of the Act under which the proceeding is brought is in these words: "Act to Establish a Uniform Basis for the Elimination of Grade Crossing." Act March 8, 1924, 33 St. at Large, p. 1057.

In this case there was no grade crossing at the place where the bridge was constructed. As a matter of fact, there was no road there. The Highway Department set out to

build a new road at that point to extend from Greenville to Easley and beyond. Already there was such a road, known as Road No. 2, which was at that time a part of the system of State highways. This road, some hundreds of feet north of the new road, No. 13, crossed the tracks of the defendant railroad on a sound wooden bridge. South of the location of the new road No. 13 was another road crossing the railroad tracks at grade. The old road No. 2 has been removed from the State highway system, but it remains and is used as a county road. The road south of No. 13 remains and is also used as a county road and still crosses the railroad at grade. Thus it is seen that no grade crossing has been eliminated. The Highway Department has built a new road, No. 13; it had to cross the defendant's tracks and it was necessary to build a bridge over the tracks. In order to make the railroad company liable for its share of the cost of constructing such·bridge, it must be shown that its construction effectuated the elimination of grade crossings over its tracks. The evidence is conclusive that no grade crossing has been eliminated.

It is clear that the Act in question does not apply in these circumstances; that the defendant is not liable for any part of the costs of construction of the bridge.

The question of the constitutionality of the Act under discussion is no longer involved.

The judgment is affirmed. The case is remanded to the Circuit Court, with directions to enter judgment for the defendant.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.