14630

STATE *EX REL.* STATE HIGHWAY DEPARTMENT v.
SOUTHERN RY. COMPANY

(195 S. E., 633)

April, 1937.

320

*Messrs. John M. Daniel, Attorney General, J. Ivey Humphrey* and *M. J. Hough, Assistant Attorneys General,* and *Wolfe & Fort,* for appellant,

*Messrs., Frank G. Tompkins, L. M. Abbot* and *Blease & Griffith,* for respondent,

March 7, 1938.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The appellant brought this action to recover of the respondent the proportionate part of the cost of construction of a reinforced concrete bridge spanning the Saluda River and respondent's tracks at Chappels in Newberry County, which plaintiff claimed under the provisions of the Act of 1924, 33 St. at Large, p. 1057, now included in the Code of 1932 under Sections 8437 to 8447, both inclusive. The title of the Act is "An Act to Establish a Uniform Basis for the Elimination of Grade Crossings Throughout the State of South Carolina."

The respondent, for answer to the complaint, set up: First, a general denial. Second, that plaintiff had not proceeded under the statute. Third, that the statute, as plaintiff construes it, violates the State and Federal Constitutions. Fourth, that the grade crossing was not dangerous and of the nature of that which defendant could be required, under the statute, to eliminate. Fifth, that the project was not such a grade crossing elimination as is contemplated by the statute. Sixth, that the plaintiff is estopped by its actions and conduct in and about the premises from maintaining this action.

The matter came on to be heard before Judge Oxner at the spring term, 1937, of the Court of Common Pleas for Newberry County. At the conclusion of the offering of testimony by the plaintiff, the defendant moved for a nonsuit, based on the following grounds:

"First. That there is no evidence that the Highway Commission has ever determined upon the elimination of the grade crossing here in question, as required by Section 8438 of the Code of 1932.

"Second. That there is no evidence that notice of any such determination by the Highway Commission was ever given to the defendant.

"Third. There is no evidence of any meeting of the representatives of the Highway Department and the defendant.

"Fourth. That there is no evidence of an order to the defendant to proceed with the construction, as required by section 8438 of the Code.

"Fifth. That the evidence all shows that the Highway Department authorities advertised for and awarded the contract before inviting any participation in the case by defendant, and before performing any of the conditions required by the Statute to give the railroad sixty days within which to commence construction of the structure.

"Sixth. That there is no evidence that plans and specifications were ever submitted to the defendant as required by the statute above mentioned.

"Seventh. There is no evidence that the defendant was ever given the right or opportunity to select the material to be used in the structure, the construction of the structure, in question, as required by the statute.

"Eighth. That there is no evidence that the Highway Department, at any time prior to the erection of the structure, ever made any estimate of the *pro rata* share of the cost to be borne by the department, or ever arranged for the appropriation of any such *pro rata* share of the department, or ever gave the defendant any notice thereof. The statute requires they shall make an appropriation of its *pro rata* share.

"Ninth. That there is no evidence that the defendant was ever given any notice of any hearing, or order on which any hearing could be had, or on which any appeal could have been taken.

"Tenth. That there is no evidence that the necessary steps required by the said act of 1924 have ever been taken so as to render defendant liable for any sum.

"Eleventh. That there is no evidence that the crossing was dangerous or hazardous to traffic, or that the Highway Department ever made any investigation or finding to that effect.

"Twelve. (Twelfth ground abandoned.)

"Thirteenth. That the evidence discloses that this is not a grade crossing elimination project as provided for in the statute under which plaintiff has instituted this action."

The motion was granted by Judge Oxner in an order which will be reported. This Court concurs in that order, and might well rest this opinion at this point. However, we may with propriety add a few observations.

It seems plain to us that this is not such a grade-crossing elimination project as comes within the intent and purpose of the Act of 1924, now Sections 8437 to 8447, inclusive, of the Code, which provides a uniform plan for the elimination of grade crossings throughout the State. The testimony and the profiles and maps in evidence show that the primary object of this project was to construct a new bridge over Saluda River at Chappels. For many years there had been a bridge at this point which was subject to overflow and damage from high water. The terrain between the river and the bed of the railway track was low and was flooded by high water; in fact, the railway track was sometimes so covered. The bridge over the river was supplemented, on the Newberry side of the river, by a trestle which was almost on a level with the bed of the railroad and the road crossing the tracks at this point. To the west of this point was a considerable bluff. By placing the contemplated new bridge some distance above, or to the west,

of the old one, the end of the bridge on the Newberry side could be placed on this bluff, which would carry it over the tracks of the railway. Clearly, this was the moving consideration which induced the placing of the bridge at this point. The elimination of the grade crossing was an incident thereto.

If, however, it was within the original intent of the highway department to eliminate this crossing and within its purpose to hold the railway for a proportionate part of the cost, it was its legal duty to proceed under the provisions of the applicable statute. Indeed, the department alleges in its complaint that it did so proceed, and it argues that respondent has suffered no damage, even if the notice and orders due to be given in accordance with the provisions of the statute, were not given. We do not agree with this position. The order of Judge Oxner points out some of the particulars in which the appellant did not follow the provisions of the Act. We are particularly impressed with the injurious result to the defendant railway of the failure of the appellant to give to the respondent the notices which the Act requires should be given it in the matter of depriving it of the opportunity to do this work, if it so elected; if the order to do so had been given it by the department, it might have done the work at a lower cost than the department charged against it.

Section 2, Code 1932, § 8438, provides that when the highway department determines to eliminate a grade crossing, it shall give prompt notice thereof to the railway company; if the parties fail to agree upon "a lay out with the grade and alignments," it may order the railway to proceed with the construction of the work. If the railway fails to begin with it within sixty days, the department may construct it and bill the railroad for its proportionate part of the costs. Section 8, Code 1932, § 8444, provides that if the railway company shall be required by order of the department to construct such grade crossing and shall be of opinion that such grade separation is not a public necessity, it

shall have the right, within ten days after the receipt of such order, to appeal to the Railroad Commission; and Section 9, Code 1932, § 8445, provides that any railroad company shall have the right to appeal to the Courts from any order or finding of the department thereunder.

It is patent that the failure of the highway department to give to the railway company in this instance the notices and orders required by the Act, has deprived the railway company of valuable and substantial rights, and the department cannot be heard now in its efforts to hold the respondent liable to it for a part of the costs of construction of the bridge over the railroad tracks.

The order of Judge Oxner granting the motion for nonsuit does not decide the question whether the Act under review is unconstitutional. Under the view of the case taken by him, it was not necessary for him to pass on this question, nor is it necessary for this Court to do so.

The respondent moves the Court to sustain the rulings and judgment, from which this appeal is taken, upon the additional grounds stated in its motion, which are stated in the first, third, seventh, eighth, tenth, eleventh, and thirteenth grounds of the motion for nonsuit, hereinabove set out.

This motion must be and is granted. These grounds in support of the motion are sustained by the record.

The order and judgment appealed are affirmed.

Messrs. Justices Baker and Fishburne and Mr. Acting Associate Justice Wm. H. Grimball concur.

Mr. Chief Justice Stabler and Mr. Justice Carter did not participate on account of illness.