14836

POWELL *ET AL.* v. GREENWOOD COUNTY

(1 S. E. (2d), 624)

464

*Messrs. Greene & Greene* and *Grier, McDonald & Todd,*
for appellants,

*Mr. R.. F. Davis,* for respondent,

March 9, 1939.

*Per curiam.*

The facts out of which this action arose, briefly stated, are these: When the rail line now known as the Seaboard Air Line was constructed in about 1891, it crossed in a

deep cut a county highway at a point near Saluda, South Carolina, in what is now Greenwood County, the road in question leading from Ninety Six to Coronaca. The railroad company built a bridge across this cut and subsequently maintained the same. In 1926 Greenwood County decided to build an improved road between Ninety Six and Coronaca, and called to the attention of the company the fact that the bridge across the cut was obsolete in type and dangerous to traffic and suggested that it do something about it. After an extended correspondence in regard to the matter, the railroad company agreed to and did construct a new bridge across the cut. This bridge was built in close proximity to and parallel with the old bridge, the latter being torn down when the former was completed and opened to traffic. The county, under its agreement with the company, constructed the approaches to the bridge, each party to the agreement expending approximately an equal amount for work done. In 1934 the bridge floor needed repairs in the way of rock asphalt replacement. Upon refusal of the county to do anything about it, the railroad made such repairs itself and then brought this action to recover the sum of $252.92, the amount expended by it in doing so.

The case was tried in October, 1937. At the conclusion of all the testimony, each side made a motion for a directed verdict in its favor, it being agreed that only a question of law was involved. The grounds of plaintiffs' motion were, in substance, that the county was liable to the railroad company under subdivision (c) of Section 8440 of the Code of 1932; if not, then under Section 8387. The trial Judge disposed of the motions by the following order, and the case is now here on appeal:

"I am of the opinion that Sections 8437 to 8447 apply only to the elimination of existing grade crossings. These sections are in derogation of the common law and therefore will have to be strictly construed. It is

my opinion that it would not apply to a case of this kind.
\* \* \*

"Assuming for the sake of argument. that. Sections 8437 to 8447 are applicable to a crossing of this kind, I think it is clear that the parties have not undertaken to act in accordance with the terms of such statute, they nowhere proceed under the terms of that statute. In one of the letters the railroad did say that they assumed that the procedure was being had under this statute, and the county did say in one letter that they were more than meeting the requirements of the statute. But the parties were only referring to the statute incidentally. If they were proceeding under the statute one-half the cost of this structure would have had to be paid by the railroad and one-half by the county. They did not undertake this arrangement at all, but made their own arrangement outside of and independent of the statute.

"At the very time that this bridge was constructed this is the construction 'which the railroad itself placed upon the correspondence had between the parties. If they were proceeding under the statute the laying of the road surface would have been done by the county and not by the railroad company, and the very fact that the railroad company laid the road surface indicates that it in no way thought the county was liable under the statute to do so.

"It is true, as argued by counsel for the plaintiff, that the parties under Section 8442 may agree among themselves on any basis they see fit, and this is what they did do in this case. But having undertook to agree among themselves outside and independent of the statute, the railroad company would not now be permitted to invoke some portion of the statute which would be in its favor if they had acted under the statute.

\* \* \* \* \* \*

"Lastly, it is contended by the railroad company that in. any event that they are entitled to proceed and maintain this action under Section 8387 of the

Code. It seems to me a complete answer to that is that the request for the county to do this work was based upon Section 8440 and entirely on the theory of the elimination of a grade crossing. No suggestion appears anywhere by the correspondence that the railroad company was undertaking to do this work for which suit is brought under Section 8387. And in addition to that, it seems clear that the complaint is predicated upon Sections 8437 to 8447, and not under Section 8387. This Section is never referred to except in the motion for a directed verdict, and the plaintiff would not be permitted at this stage of the trial to change its position.  *  *  *

"For these reasons the motion for a directed verdict for the plaintiff is refused and the motion for a directed verdict in behalf of the defendant is granted."

We have read the record with care, and are satisfied that the questions presented by the appeal, as stated and argued by counsel for the appellants, were correctly disposed of by the trial Judge in his order and rulings on the motions for directed verdicts—in other words, that the conclusions reached by him are in accord with the facts and applicable law. The exceptions of the appellants, therefore, are overruled. See *State Ex rel. State Highway Dept. v. Piedmont & Northern R. Co.,* 186 S. C., 49, 194 S. E., 631; *State Ex rel. State Highway Department v. Southern R. Company,* 186 S. C., 315, 195 S. E., 633.

The judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.