No. 45,580

Roy Welch and Barbara Welch, *Appellants,* v. The City of Kansas City, Kansas, a Municipal Corporation, *Appellee.*

(465 P. 2d 951)

Opinion filed March 7, 1970.

*Lloyd Burke Bronston,* of Kansas City, argued the cause and was on the brief for the appellants.

*Edward H. Powers, II,* Assistant City Attorney, argued the cause, and *C. W. Brenneisen, Jr.,* City Attorney, was with him on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: In this action Mr. and Mrs. Welch, the plaintiffs and appellants herein, have sued the city of Kansas City, Kansas, to recover damages occasioned to their property from flooding. The trial court sustained the city's motion for summary judgment and the plaintiffs have appealed.

On the 12th day of June, 1966, a severe rainstorm occurred in Kansas City which flooded the Welch property, water entering the basement of plaintiffs' home and damaging both the residence and certain personal property. The plaintiffs allege the flooding was due to inadequate storm sewers and drainage facilities under adjoining streets.

A written statement of the plaintiffs' claim against the city was filed on July 29, 1966, as required by K. S. A. 12-105, and no issue is raised as to its sufficiency. The present lawsuit was commenced July 2, 1968, more than two years after the damage is alleged to have occurred but within two years from the date on which plaintiffs filed their written statement with the city clerk.

The city's motion for summary judgment was bottomed on the premise that plaintiffs' action was barred by the statute of limitations, and such was the basis on which the motion was sustained. Thus the sole issue before us in this appeal is whether the plaintiffs commenced this lawsuit within the time permitted by statute.

In support of the plaintiffs' contention that their action was timely filed, two arguments are advanced: First, that the cause of action is one based upon a liability created by statute, and thus the three-year limitation set out in 60-512 (2) is applicable, and second, that the cause of action accrued July 29, 1966, when the written statement required by K. S. A. 12-105 was filed. In a sense these points are intertwined and plaintiffs' positions, interdependent. We believe however that neither position is tenable.

So far as material to this lawsuit, K. S. A. 60-512 reads as follows:

"The following actions shall be brought within three (3) years: . . . (2) An action upon a liability created by a statute other than a penalty or forfeiture."

In their printed brief, the plaintiffs seem to imply that a city's

liability in a case of this character is created by that portion of K. S. A. 1969 Supp. 12-101 which provides:

". . . Each city being a body corporate and politic, may among other powers—

"*First.* Sue and be sued."

However, we were informed upon oral argument that plaintiffs are no longer relying on this provision to establish their cause of action as statutory in nature. Such being conceded, we need pursue this facet of plaintiffs' contention no further than to express agreement with their present view of the statute, and to say that in our opinion 12-101 relates to corporate powers of a municipality rather than to the creation of liabilities against it. The areas and limits of municipal liability are largely defined by case law, not by statute.

But the plaintiffs seriously maintain that K. S. A. 12-105 gives rise to a cause of action against a municipality, and that a statutory liability thus exists against Kansas City in this case. We are obliged to disagree. This statute, which will be set out more fully later on, makes no pretense of creating a liability; it simply establishes a procedure with which a litigant must comply before maintaining an action against a city, regardless of what may be the basis of the asserted liability.

In the recent case of *Grantham v. City of Topeka,* 196 Kan. 393, 411 P. 2d 634, we discussed various bases upon which municipal liability may be predicated. Commencing on page 397, Mr. Justice Fatzer, speaking for the court, said this:

"It is a general rule of law in this state that a municipality is not liable for negligent acts of its officers or employees in the performance of a governmental function unless such liability is expressly imposed by law. (*Wray v. City of Independence,* 150 Kan. 258, 92 P. 2d 84; *Rhodes v. City of Kansas City,* 167 Kan. 719, 208 P. 2d 275; *Stolp v. City of Arkansas City,* 180 Kan. 197, 303 P. 2d 123; *Rose v. Board of Education,* 184 Kan. 486, 337 P. 2d 652; *Parker v. City of Hutchinson,* 196 Kan. 148, 410 P. 2d 347.) The rule is based on the doctrine that the state is not liable except as made so by statute and that municipalities, when acting in a governmental capacity, are arms of the state. (*Perry v. City of Wichita,* 174 Kan. 264, 255 P. 2d 667; *Weast v. Budd,* 186 Kan. 249, 253, 349 P. 2d 912.) However, exceptions have been engrafted into this general rule by decisions of this court to the effect that a municipality is liable (1) *where its conduct results in creating or maintaining a nuisance* (*Jeakins v. City of El Dorado,* 143 Kan. 206, 53 P. 2d 798; *Steifer v. City of Kansas City,* 175 Kan. 794, 267 P. 2d 474; *Adams v. City of Arkansas City,* 188 Kan. 391, 362 P. 2d 829), and (2) for its negligent and wrongful acts (*a*) when performing in a proprietary capacity (*Dunn v. City of Emporia,*

181 Kan. 334, 311 P. 2d 296), and (*b*) for failure to keep its streets reasonably safe for public use. . . ." (Emphasis supplied.)

It appears to be the universal rule that municipal corporations are liable for damages occasioned to private property from the overflow of surface waters cast upon it through the action and fault of the municipality, its officers and agents. (38 Am. Jur., Municipal Corporations, § 645.) For many years Kansas has consistently followed this rule. Among our early cases, see *Kansas City v. Slangstrom*, 53 Kan. 431, 36 Pac. 706; and *King v. City of Kansas City*, 58 Kan. 334, 49 Pac. 88.) In a much more recent case, *Reeder v. Board of County Commissioners*, 193 Kan. 182, 392 P. 2d 888, we held that an action of mandamus will lie against the Board of County Commissioners to restore a water course and to prevent the Board from effecting changes therein to the damage of plaintiff's lands.

Recovery of damage in cases of this character has usually been said to sound in the nature of nuisance or, occasionally, as was said in *King*, supra, in the invasion of individual rights in the nature of trespass. Never, to our knowledge, has the cause of action been said to originate in the filing of the written statement required by K. S. A. 12-105. In every case where the limitation upon actions of this character has been involved, the two-year statute, K. S. A. 60-513, has been applied.

In *Parker v. City of Atchison*, 58 Kan. 29, 48 Pac. 631, it was held:

"Where a permanent improvement is made by a city on the bank of a water course in such a way as to narrow the channel and wash and injure private property on the opposite bank, the city is liable for the injury; but an action therefor can only be brought within two years after the erection of such improvement." (Syl. ¶ 4.)

The holding in *Beard v. Kansas City*, 96 Kan. 102, 150 Pac. 540, is to like effect:

"Where a city improves a street and causes water from heavy rainfall to overflow adajacent premises the owner of the premises may maintain an action for damages caused by the overflow, but such an action must be brought within two years after such overflow or it will be barred by subdivision 3 of section 17 of the code of civil procedure." (Syl. ¶ 3.)

In *McDaniel v. City of Cherryvale*, 91 Kan. 40, 136 Pac. 899, cited in plaintiffs' brief, recovery was sought for permanent damage to a creek into which the city discharged sewage waters. This court held that since the sewer system was a permanent structure causing continuous injury, the cause of action accrued when the

impurities were first deposited in the stream, and the action not being brought within two years therefrom, suit was barred.

The appellants argue that "the instant case involves primarily a continuing nuisance and one wherein the cause of action is re-established with each new injury." They overlook, however, the allegations of their own petition seeking recovery only for those damages which resulted from the overflow of June 12, 1966. No other or subsequent injuries are asserted.

Neither do we find any relevancy in the plaintiffs' allusion to that portion of K. S. A. 60-513, providing in essence that the period of limitation shall not commence to run until the fact of injury becomes known. There is no allegation in the instant petition that the fact of injury was concealed, or incapable of ascertainment. Indeed, the very opposite impression is to be gleaned from the plaintiffs' pleading.

Plaintiffs have cited authority to the effect that an action for damages occasioned by a defective bridge or highway is based on a liability created by statute. (*Shaw v. Lyon County Comm'rs.*, 126 Kan. 319, 267 Pac. 1096; *Wagner v. Edwards County*, 103 Kan. 719, 176 Pac. 140; *Bohrer v. State Highway Comm.*, 137 Kan. 925, 22 P. 2d 470.) These cases do not support the position taken by plaintiffs in this case. Liability for injuries resulting from defective roads and bridges is specifically imposed on counties and townships, as well as upon the state, by explicit statutory enactment. (K. S. A. 68-301.) No such statute is involved here.

We have heretofore referred to K. S. A. 12-105, which so far as material to the facts of this case, reads as follows:

"No action shall be maintained by any person or corporation against any city on account of injury to person or property unless the person or corporation injured shall within three (3) months thereafter and prior to the bringing of the suit file with the city clerk a written statement, giving the time and place of the happening of the accident or injury received and the circumstances relating thereto . . ."

It is argued that even though the provisions of 12-105 may fall short of creating a statutory liability against municipalities, nevertheless, no cause of action can be said to accrue until the written statement required by the statute has been filed with the city clerk. Although at first glance this argument might appear plausible, on closer inspection its rationale will be found fallacious.

This court, it is true, has said on more than one occasion that the statute establishes a condition precedent for instituting legal action

against a city for the recovery of damages. (*Workman v. City of Emporia,* 200 Kan. 112, 434 P. 2d 846, and cases cited therein.) This is not to say, however, that a cause of action will not accrue until written notice has been filed with the city.

The issue was squarely raised, and plaintiffs' argument clearly refuted, in *Fuller v. State Highway Comm.,* 140 Kan. 558, 38 P. 2d 99, 95 A. L. R. 1186. In that case the plaintiff sought to recover damages sustained by reason of a road defect, under a statute imposing liability on the state for damages resulting from defective state highways. The statute further provided that written notice be given within ninety days and that suit be commenced within two years. In the *Fuller* case, as in the case at bar, suit was filed more than two years after the injuries were sustained, but within two years from the date on which notice was given. There, as here, plaintiff claimed that the cause of action accrued when the written notice was given.

This court rejected Mrs. Fuller's contention, and held that the giving of the statutory notice was but a preliminary step in bringing the action. The nub of its decision is found on page 561:

"The test is whether the serving of the notice is a part of the cause of action or merely a step in the remedy. We have concluded that it was a procedural step in the remedy and that the cause of action accrued when the damages were sustained. Hence the statute started to run then and the demurrer [an archaic term] should have been sustained."

In formulating the rule which it declared in *Fuller,* the court followed the prevailing rule which we find stated in 34 Am. Jur., Limitation of Actions, § 117, p. 97:

"While frequently notice by one party to another is a condition precedent to a right to bring an action, the service of such notice is not a part of the cause of action, but merely a preliminary step in the bringing of the action on an accrued cause of action, and does not constitute the starting point of the statute of limitations; the failure to serve the notice does not operate to suspend the statute. Thus, the statute of limitations begins to run against a claim for injury to the person from the date of the injury, and not from the time of the service of a notice required by a statute providing that actions against certain persons for the recovery of damages for personal injuries, or actions for the recovery of injuries caused by certain agencies, cannot be maintained unless, within a specified time, written notice is served, stating the date, place, character of the damage, and the name and address of the person sustaining the damage."

This principle was tacitly recognized by this court in the recent case of *James v. City of Wichita,* 202 Kan. 222, 447 P. 2d 817. There,

we held that a petition which omitted an allegation of compliance with K. S. A. 12-105 could be amended to include such an allegation and that the amendment would relate back to toll the statute, inasmuch as the claim asserted in the amended pleading arose out of the same conduct or occurrence set out in the original pleading.

Finally, the plaintiffs insist that the ends of justice would be served by granting them their day in court, despite the fact their action was commenced out of time. The same suggestion, we presume, could be advanced by every litigant who by inattention, inadvertence or otherwise, had let the time slip by for bringing his lawsuit.

It has been said that statutes of limitation are statutes of repose, precluding presentation of stale claims and encouraging diligence on the part of those whose rights have been infringed. In furthering these objectives, such statutes serve a worthy and useful purpose, and we are not at liberty to ignore them completely.

Before concluding this opinion we deem it advisable to note that the record in this case has been prepared on pages which exceed, in length, those required by Rules of the Supreme Court, No. 9. (201 Kan. xxii.) The attention of members of the bar is directed to the requirements of that rule in order that future violations may be avoided.

We find the trial court was correct in sustaining the city's motion for summary judgment, and its action in such respect is affirmed.