No. 37,599

REINHOLD GOERING, *Appellant,* v. JONAS SCHRAG and EMMETT BURCHETT, *Appellees.*

(207 P. 2d 391)

Opinion filed June 11, 1949.

'*Archie T. MacDonald* and *Russ B. Anderson,* both of McPherson, and *Elmer P. Goering* and *Clair D. Hyter,* both of Hutchinson, were on the briefs for the appellant.

*J. R. Rhoades* and *George R. Lehmberg,* both of McPherson, were on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, J.: This appeal involves the right of a landowner to enjoin another landowner from draining surface waters from the latter's land and recover damages resulting from an alleged wrongful drainage of such waters. Plaintiff appeals from an order and judgment sustaining a demurrer to his petition.

Since the sufficiency of the petition is the sole issue involved and its allegations detail the factual situation on which plaintiff bases his right to relief such pleading, omitting formal allegations, averments as to damages, the prayer, and a full and complete description of the real estate involved which is all located in the same township and range, will be quoted at length. With the exceptions noted, it reads:

"1. That Plaintiff is a resident of McPherson County, Kansas, and his post office address is McPherson, Kansas, R. D.

"2. That Defendants are residents of McPherson County, Kansas, and their post office address is McPherson, Kansas, R. D.

"3. That at all times hereinafter mentioned the Plaintiff was and still is

the owner of certain real estate in McPherson County, Kansas, in Section 32, . . . and was and still is the tenant of the following described real estate . . . to-wit: The West Half (W ½) of the Southwest Quarter (SW ¼) of Section 29, . . .

"4. That the Defendant, Emmett Burchett, is the owner of real estate in Section 31, . . . , and the defendant, Jonas Schrag, is the tenant on said real estate. That said real estate is directly West across the highway from the real estate owned by Plaintiff and is across the road and South of the real estate of which Plaintiff is tenant. That the surface water from rains and drainage collects in large quantities in a low area situated upon the said Burchett land.

"5. *That the natural drainage of surface water on the real estate of Defendant, Emmett Burchett, is toward the Southwest,* but notwithstanding said fact the defendant, Jonas Schrag, with the knowledge and consent of the defendant, Emmett Burchett, *cut a ditch from the low place on the property of the Defendant, Emmett Burchett, running Northeast to the ditch along the West* side of the highway and connecting with said ditch; *and* said Defendant, Jonas Schrag, *also deepened the ditch along the West side of said road, towards the North.*

"6. *That by cutting said ditch the Defendant,* Jonas Schrag, *changed the course of the natural drainage on said land,* and the water from said land is now flowing to the Northeast into said ditch along the road towards the North, and by his act said Defendant has increased the flow of water in said ditch.

"7. That said water flows from the land of defendant, Emmett Burchett, into said ditch along the West side of said road, and flows North along the road to a culvert across said road, and thence a great deal of the water flows East through said culvert and upon said land of which Plaintiff is a tenant, causing great and irreparable damages to Plaintiff as hereinafter set forth.

"8. That by reason of the unlawful act of said Defendant *in changing the course of drainage and increasing the flow of water,* great quantities of water run onto the land of which Plaintiff is a tenant, thereby interfering with the farming operations of the Plaintiff.

. . . . . . . . . . . . . .

"14. That the damages are continuing to accrue and will continue unless the Defendants are required to close said ditch *and restore the drainage to its natural course.* That unless required to do so, irreparable damges will be done to Plaintiff, and Plaintiff has no adequate remedy at law." (Emphasis supplied.)

Before giving consideration to the propriety of the trial court's action in sustaining the demurrer to the foregoing petition it should be stated that under the common law surface water was regarded as a common enemy landowners could fight in any way they chose without liability. Such was the rule in this jurisdiction until 1911. In that year the legislature saw fit to change it by the enactment of chapter 175, Laws of 1911, now G. S. 1935, 24-105 and 24-106, which makes provision for the disposition of surface waters so that their obstruction or accumulation does not operate to the injury of

neighboring land and in general provides that as to agricultural lands outside the incorporated limits of a city upper proprietors may not divert surface waters upon their own premises by artificial means to the lands of lower proprietors nor accelerate by means of ditches or increase the drainage of their lands to the injury of lower owners (see *Martin v. Lown*, 111 Kan. 752, 208 Pac. 565; *Dyer v. Stahlhut*, 147 Kan. 767, 78 P. 2d 900; *Bollinger v. Moorhouse*, 154 Kan. 124, 114 P. 2d 853).

Appellees concede the general legal principle heretofore stated is the law of this state but point out it is qualified by G. S. 1935, 24-106, authorizing drainage of lands by landowners without liability under certain conditions and circumstances and assert the instant petition shows upon its face they come within the exception therein recognized with the result it fails to state a cause of action against them. Such section reads:

*"Owners of land may drain the same in the general course of natural drainage, by constructing open or covered drains, into any natural depression, draw, or ravine, on his own land, whereby the water will be carried by said depression, draw, or ravine into some natural watercourse, or into any drain upon a public highway, for the purpose of securing proper drainage to such land; and he shall not be liable in damages therefor to any person or persons or corporation:* . . ." (Emphasis supplied.)

Boiled down the gist of appellees' position is that it appears from the petition the ditch constructed by them for drainage purposes drained their land in the general course of natural drainage in the manner and under the conditions permitted by the section of the statute just quoted. More specifically stated, they claim the allegations of paragraph 7 of such pleading conclusively establish the general course of natural drainage of their land is to the northeast notwithstanding other averments thereof, which we have underlined for purposes of emphasis, expressly state the natural drainage of surface waters thereon is to the southwest and directly charge that appellees' action in digging the ditch to the northeast changed the course of natural drainage. No useful purpose would be served by laboring the ingenious arguments advanced by appellees in support of this conclusion. It will suffice to say that as applied to the involved petition they are founded upon speculation and conjecture, ignore the elementary and well-established rule that in the absence of any motions whatsoever a petition when challenged by a demurrer is liberally construed and given the benefit of all reasonable inferences, and refuse to give clear and un-

equivocal allegations of such pleading the force and effect to which they are entitled. It may well be that when issues are joined and the cause proceeds to a trial on its merits appellees may be able to establish the general course of natural drainage is as they now contend. Even so, in the face of express and direct allegations to the contrary we cannot say the petition fails to state a cause of action under the general principle of law first referred to in this opinion.

The trial court erred in sustaining the demurrer and its order and judgment to that effect should be set aside.

The judgment is reversed.