## WILLIAM J. MINOR *v.* HOLDEN WRIGHT.

Damages arising *ex delicto* cannot be recovered unless specifically proved.
*Per curiam :* A strict and rigid application of the articles of the Code on the title of predial servitudes
would be destructive to agricultural industry.

APPEAL from the District Court of the Parish of Terrebonne, *Roman,* J.
   *F. S. & J. S. Goode,* for plaintiff and appellant. *Connoly & Rightor,* for
defendant.

DUFFEL, J.    The parties to this suit are owners, each, of a plantation lying in
the parish of Terrebonne, in a horse-shoe bend of Bayou Black, so that either
track may properly be said to be in the rear of the other.

The plaintiff having cut a large canal along the whole extent of the dividing
line of the two estates, and thrown the dirt, in the shape of a levee of 2 ft. 5 in.
to 3 ft. 3 in. in height, between the canal and the defendant's land ; the latter
made two ditches, running from the front of his plantation to the plaintiff's
canal, and emptying into the canal ; whereupon the plaintiff instituted this action
to compel the defendant to close his ditches at the points where they fall into the
canal, claiming besides damages for the illegal acts of his neighbor.

The defendant, on his part, claimed the right of a legal servitude, resulting
from the situation of the place, and consequently asks the removal of the levee ;
he also demands that the dividing line of the rear of the two estates be judicially
fixed, and sets up a claim in reconvention for the damages sustained by reason of
said obstruction.

The District Judge ordered the levee to be razeed, rejected the claim in
damages asserted by both parties, and adopted, as the true line of division, the
one which answered the certified sketches of the original surveys of the United
States.

The plaintiff appealed.

The District Court properly rejected, *in toto,* the claim in damages, as neither
party undertook to prove any, *specifically.*

The District Judge, in the absence of any suggestion of error, also correctly
adopted, as the dividing line of the two estates, the one drawn by the surveyor
appointed in the case, in accordance with the original surveys of the United
States.

As to the point of servitude, the evidence indicates a gradual fall of the land
of the defendant, from the front to the rear, or, in other words, to the canal
spoken of, with a slight tendency toward the lower back corner which is six
inches lower than the upper back corner ; the fall from the front to the rear
being 21 68–100 ft.

The canal of the plaintiff extends about nine arpents higher up and lower
down than the whole extent of the back line of the defendant, and the waters
which accumulate against the above levee, must, either remain dormant, or find
their way at each extremity of the plaintiff's levee, should no obstructions exist
on his neighbor's lateral lands, to wit : the plaintiff above and *Dr. Boykin* below.

It further appears from the evidence, that there is a natural flat surface, or
nearly so, for a distance of 150 feet on either side of the canal, and that there
is a swamp back, to which the accumulating water would, if unobstructed, find

MINOR
*v.*
WRIGHT.

its way ; this swamp runs into Bayou Tiger which empties in Bayou Black, at about 22 miles below the defendant's place.

It also appears that the defendant has cut, altogether, three ditches, which all terminate in the canal above described, two prior and one since the inception of the present action ; and that, according to the dividing line adopted and fixed by the District Judge, the levee along the canal is at some points partly on the defendant's land.

The plaintiff's overseer says that by opening the levee three feet at every arpent, the defendant's land would be perfectly drained without the necessity of ditches.

It is evident, from the above *résumé,* that the plaintiff has obstructed, in a manner unwarranted by law, the natural flow of the water of the defendant's plantation, and furthermore that he has committed another wrong (which, however, the evidence shows was not intentional) by erecting some portions of his levee on his neighbor's land. It is equally evident that the defendant violated the rights of property when he opened his ditches into the land of the plaintiff, for the purpose of reaching the afore-mentioned canal.

This court has, on more than one occasion, expressly declared that a strict and rigid application of the articles of the Code on the title of predial servitudes would be destructive to agricultural industry. *Martin* v. *Jett,* 12 La. 503. *Sowers & Jameson* v. *Shiff et als.,* 15 An. 300.

In determining cases of this kind, we must never lose sight of the interest of both parties, but it should be our care, whenever a legitimate case presents itself, to make such an application of the law as will, by imposing mutual obligations on the owners of both properties, render effective the servitude due to the lower estate without subjecting the upper one to unnecessary and injurious charges.

It is unnecessary to add, that we must be guided, in our appreciation, by the peculiar and varied facts of each case.

Thus in the case before us, the plaintiff should not be made to level his entire levee, should the water which flows on the flat bottom, which extends on both sides of the canal, find its natural way to the back swamp, at the upper corner of the defendant's land ; but in such a case the plaintiff should be ordered to leave at this point a sufficient opening to carry off all the surplus water of the defendant's land.

To proceed further with our idea, should the accumulating water flow, on its whole breadth, by a natural slope, to the swamp, then the plaintiff should be ordered to open his levee, at such points as will fully relieve the lower estate.

We are unable, with the evidence before us, to dispose finally of this part of the case, as the location of the back swamp and the point of drainage, are not sufficiently shown ; we will consequently remand this branch of the cause.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court, in so far as it rejects the several demands in damages, and fixes the boundary line between the litigants, and the costs of survey. be and the same is hereby affirmed. It is further ordered, adjudged and decreed, that as to the question of servitude, the judgment of the District Court be reversed and avoided, and that the case, on this point, be remanded back to the lower court for further proceedings according to law and the principles enumerated in our opinion ; the defendant paying the costs of the appeal, and the costs of the lower court, others than those of survey, &c., to await the final action of the court *a qua.*