THE STATE OF KANSAS, *Appellee*, v. W. R. NYE, *Appellant*.

No. 17,227.

SYLLABUS BY THE COURT.

1. HIGHWAYS—*Dikes Causing Overflow—Injunction by the State.* A suit to enjoin a landowner from interfering with the highway officers in relieving a regularly laid out and open highway from an accumulation of surface water by cutting a ditch through a dike placed on adjoining land by such owner may be brought by the county attorney in the name of the state.

2. ——— *Powers of Road Overseer—Drains and Ditches.* The power conferred by section 7285 of the General Statutes of 1909, "to enter upon any land adjoining or lying near to said road, to make such drains or ditches through the same as he may deem necessary for the benefit of roads, doing as little damage to said lands as the nature of the case and the public good will permit" does not require that a ditch be extended from boundary to boundary through the land of a given owner but authorizes its extension over such portion of land only as may by the proper authorities be in good faith deemed necessary.

Appeal from Sumner district court. Opinion filed October 7, 1911. Affirmed.

*W. W. Schwinn*, for the appellant.

*Harold W. Herrick*, county attorney, *J. T. Herrick*, and *Elliott & McBride*, for the appellee.

The opinion of the court was delivered by

WEST, J.: The amended petition alleged in substance that the defendant Nye was the owner of a certain quarter section of land in Sumner county, having purchased the same in 1904; that in 1883 a public highway was duly laid out and established on and along the section line forming one boundary of the quarter; that ever since such establishment the road has been used as a public highway and worked and improved by the proper authorities; that in such improvement the dirt had been taken from both sides of the center line and the road had been graded up in the middle, which grade had been used for travel; that before the opening of the road and before the cultivation of the land on either side thereof the surplus water from rains and snow which fell on several hundred acres of land lying to the north and west had run over and across the section line in a south or southeasterly direction, the main portion passing over the line at a point about eighty rods east of the northwest corner of the land in question; that when the road was improved, soon after this location, a culvert was placed in the grade at the point mentioned and the principal portion of the water falling on the land to the north and northwest of the defendant's quarter section had run through the culvert and over the land in the same general direction in which the surplus water had run before the road was laid out; that soon after the culvert was built the owner of the land dug a ditch south from the culvert across the quarter section so that the main body of the water passing through the culvert was conveyed by the ditch,

and this continued for many years prior to the defendant's purchase of the land; that after such purchase the defendant partially filled up the ditch by plowing dirt into and cultivating the land across the ditch, and afterwards, in 1909, built a levee or dike of dirt just south of the south line of the road of such height as to force the water back over the highway along the section line, obstructing and rendering the highway impassable at times of heavy rains or melting snows. The petition further alleged that the board of highway commissioners together with the county surveyor decided that in order to drain the road and make it passable a ditch should be cut through the dike to allow the accumulating water to pass off the road and over the defendant's land where it had passed before the dike was built; that such ditch was put through the dike, and was filled up by the defendant Nye who restored the dike to its former condition and forbade further interference therewith and threatened the road officers with personal violence should they attempt such interference. The county attorney sued in the name of the state to enjoin the defendant from maintaining the dike and from interfering with the overseer or highway commissioners or any person authorized by them in removing the obstruction. A demurrer to the petition on the grounds that the plaintiff had no legal capacity to sue and that the facts stated were not sufficient to constitute a cause of action was overruled, and from this order the defendant Nye appeals.

The defendant urges that the action can not be maintained by the state, but we think it was properly brought and that the alleged condition of the highway was such as to make clearly applicable the principle of *Eble v. The State,* 77 Kan. 179, 93 Pac. 803. The state has an interest in restoring a flooded highway to a passable condition. The citizens have a right to travel over a regularly laid out and open road, whether in the county of their residence or not, and the statute makes

36—85 KAN.

it the duty of the county attorney to prosecute or defend on behalf of the people "all suits, applications or motions, civil or criminal, arising under the laws of this state, in which the state or their county is a party or interested." (Gen. Stat. 1868, ch. 25, § 136, Gen. Stat. 1909, § 2226.)

The requirement of the statute that the township trustee shall prosecute all violations of the different road laws (Laws 1871, ch. 153, § 2, Gen. Stat. 1909, § 9589) indicates by its verbiage a reference to criminal cases (*The State v. Bowles,* 70 Kan. 821, 827, 79 Pac. 726), and it is suggested that Nye violated no road law by putting on his own land a dike to prevent injury by surplus water. True, the petition prays that he be enjoined from obstructing the ditch already cut through the dike, but it also prays that he be enjoined from interfering with the officers in again opening such ditch, which is manifestly the real relief sought, for the other would amount to a mandate compelling him to do the work himself. Construing the pleading then as a demand that Nye be prevented from interfering with the commissioners in again opening the dike and in keeping it open, we regard the suit as one proper to have been brought by the state.

The defendant further insists that the highway commissioners are without authority to open the dike unless they extend the ditch so as to convey the surplus water through his land and not cause it to spread thereover. The language of the statute (Laws 1901, ch. 296, § 1, Gen. Stat. 1909, § 7285) is:

"And the overseer shall keep the same in repair, and remove or cause to be removed all obstructions that may be found therein; for which purpose the road overseer is hereby authorized . . . to enter upon any land adjoining or lying near to said road, to make such drains or ditches through the same as he may deem necessary for the benefit of the roads, doing as little damage to said lands as the nature of the case and the public good will permit."

The section also provides for compensation for any injury to the land or crops in consequence of making such drains or ditches. The contention is that under this express statutory authority the highway commissioners can not make a ditch upon the land of an adjoining owner unless such ditch be extended entirely through the land. Other statutory provisions place the road overseer in subordination to the highway commissioners and engineer.

"To enter upon any land adjoining or lying near to said road, to make such drains or ditches through the same," can not mean to enter upon and drain all the land of an adjoining owner, but must mean to enter upon and ditch any such land deemed necessary to be ditched. Otherwise if the owner happened to possess a ranch extending for miles the highway officers could not dig a ditch thereon at all without extending it from one boundary to another, and yet one of a few rods or a few feet in length might be all that the condition of the highway required. The statute does not restrict these officers to the parcel of land owned by one proprietor but extends the authority to any land "adjoining or lying near," regardless of boundary or personal ownership. There is no question that the dike is located upon and is a portion of the defendant's land, though very close to the boundary, and it was only this portion with which the highway commissioners sought to interfere. The effect upon the land or crops of a given owner that a ditch of any length may have is to be considered by the proper authorities in determining upon its necessity, but this does not deprive them of power to enter upon any portion of one's land adjoining or near the highway and to dig a ditch of such length as they in good faith deem necessary.

" 'Through' does not always mean from end to end or from side to side but frequently means simply 'within.' " (*Provident Trust Co. v. Mercer County,* 170 U. S. 593, 603.)

The order overruling the demurrer is affirmed.