No. 23,871.

W. E. MARTIN, *Appellee*, v. GEORGE L. LOWN, *Appellant*.

SYLLABUS BY THE COURT.

1. SURFACE WATER—*Erection of Dam—Flooding Agricultural Lands—Application of Statute.* The act (Laws 1917, ch. 176) providing that as to lands used for agricultural purposes, a lower owner shall not construct or maintain a dam or levee which obstructs the flow of surface water upon his land to the damage of an adjacent upper owner, upheld and applied.

2. SAME—*Lands Separated by Public Highway—"Adjacent" Within Meaning of Statute.* The fact that there is a public highway between the lands of the upper and lower proprietors does not take the case out of the operation of the statute which provides for the protection of adjacent lands.

3. SAME—*Enjoining Rebuilding of a Washed-out Dam—No Constitutional Right Violated.* The enjoining of the rebuilding and maintenance of a dam which had been built before the statute was enacted but which had been washed out and not maintained for a number of years after the enactment of the statute, is not a violation of the constitutional rights of the defendant.

4. NEW TRIAL—*Motion Denied—No Abuse of Discretion.* No abuse of discretion was shown in rejecting new evidence offered on the motion for a new trial or in denying the motion.

Appeal from Douglas district court; CHARLES A. SMART, judge. Opinion filed July 8, 1922. Affirmed.

*George K. Melvin*, and *R. E. Melvin*, both of Lawrence, for the appellant. *Tom Harley*, of Lawrence, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: W. E. Martin brought this action to enjoin George L. Lown from maintaining a dam or levee on his land which obstructed the natural drainage and flow of surface water and tended to throw it back upon plaintiff's land. The parties owned adjoining farms which were separated by a highway. Martin's land slopes slightly and the water flows on it eastward towards Lown's land. There is a culvert across the highway in the low part of the ground. Just inside of his fence and at the edge of the highway Lown built an embankment for a distance of about three hundred feet north and south to a height of about two feet. This causes the surface water to back up on the land of plaintiff, covering, it is alleged, about sixty acres of it. But for this embankment it

would flow through a culvert in the highway and on over the land of the defendant into the bed of the Wakarusa river. At some earlier time an embankment had been built, which was washed out and repaired from time to time. In 1920 it was rebuilt in front of the culvert and plaintiff began this action to enjoin its maintenance, under chapter 176 of the Laws of 1917. The court decreed that the defendant be enjoined from maintaining the dam. Motion for new trial was filed, and on that motion defendant sought to introduce additional testimony, namely, the levels taken by a proposed witness, but the testimony was refused. Defendant appeals.

One of the claims of defendant is that plaintiff had no legal capacity to maintain the action. It is argued that as a highway divided the farms of the parties and as an injunction would necessarily affect the highway, the state alone could bring the action. The action was not brought for the protection of the highway as in the cited case of *The State v. Nye*, 85 Kan. 559, 117 Pac. 1014, but was brought to protect the rights of the plaintiff and prevent injury to his land. The statute on which it was brought provides:

"That section 4050 of the General Statutes of 1915 be amended to read as follows: Sec. 4050. A lower owner or proprietor shall not construct or maintain a dam or levee for the purpose of obstructing the flow of surface water onto his land to the damage of the adjacent upper owner or proprietor; but nothing herein shall be construed as preventing an owner of land from constructing a dike or levee along the bank of a natural watercourse to repel flood water from such natural watercourse: *Provided,* That the provisions of this act shall apply only to lands used for agricultural purposes and highways lying wholly outside the limits of any incorporated city." (Laws 1917, ch. 176.)

It is further contended that as the public road divides the lands of the parties, the defendant's farm could not be regarded as adjacent to that of the plaintiff, within the meaning of the statute. The highway is only an easement and each owner holds the fee of the land to the center of the highway with the right to use it for all purposes not incompatible with its use as a highway. (*Comm'rs of Shawnee Co. v. Beckwith*, 10 Kan. 603; *McCann v. Telephone Co.*, 69 Kan. 210, 76 Pac. 870.) Besides, the ordinary meaning of the term "adjacent" as used in the act is lying close or near to, but not necessarily adjoining. As used it is not to be treated as the equivalent of adjoining or as applicable only to contiguous lands. (*Board of Education v. Jacobus*, 83 Kan. 778, 112 Pac. 612; *City of Hutch-*

48—111 KAN.

*inson v. Danley,* 88 Kan. 437, 129 Pac. 163.) The lands involved were used for agricultural purposes, and the plaintiff being directly injuriously affected by the obstruction was entitled to bring the action and to ask that the maintenance of the obstruction be enjoined.

It is also contended that the decree for the removal of the obstructing embankment was a destruction of defendant's property and operated to deprive him of vested rights without compensation or due process of law. Until a recent time the common-law rule had obtained under which surface water was treated as a common enemy which the lower proprietor might fight against in any way he chose and could obstruct or divert the flow of the water without liability on account of such obstruction or diversion. The legislature saw fit to change the rule and to provide that as to lands devoted to agricultural purposes the lower owner could not construct or maintain a dam or levee which would obstruct the flow of surface water to the damage of an upper owner. (Laws 1911, ch. 175, Gen. Stat. 1915, §§ 4050-4051; Laws 1917, ch. 176.) It was competent for the legislature to adopt the rule of the civil law and provide for the disposition of surface water so that its obstruction or accumulation should not operate to the injury of an adjacent owner. It is a general principle of the law that one must so use his own as not unnecessarily to injure others, and the statute in question was intended to give effect to this principle. (*Minor v. Wright,* 16 La. Ann. 151.) The obstruction of the natural drainage by the defendant, as disclosed by the evidence, not only caused injury to the plaintiff but it created a nuisance *per se,* one which the courts may properly enjoin.

There is a contention that as an embankment had been built prior to the enactment of the statute, the defendant had a vested right in it of which he could not be divested. An embankment appears to have been thrown up about twenty years ago by a prior owner and had been washed out and repaired a number of times, but for a number of years had not been repaired or kept in condition. In 1920 and just prior to the commencement of this action, the dike was rebuilt by the defendant. His action was a violation of the statutory rule which prohibits the maintenance as well as the building of such an embankment and which has heretofore been considered and enforced. (*Thompson v. McDougal,* 103 Kan. 373, 175 Pac. 157; *The State v. Wright,* 103 Kan. 584, 175 Pac. 381.) The provision against the maintenance of such dam was well within

the legislative power and the decree enjoining the maintenance was not an invasion of the constitutional rights of the defendant.

On the motion for a new trial evidence of an expert was offered with a view of showing the levels of the lands of the parties, and that of some others in the vicinity, and also as to methods of draining the district. No reason is given why the evidence was not procured and produced at the trial or that due diligence had been used to procure it for the trial. It cannot be held that the court abused its discretion in refusing the evidence or in denying a motion for a new trial.

Judgment affirmed.