No. 28,097.

A. C. SKINNER, *Appellee*, v. JENNIE WOLF and E. L. FOLTZ,
*Appellants*.

(266 Pac. 926.)

Opinion filed May 5, 1928. 

*Jean Madalene*, of Wichita, for the appellants.

*J. T. Rogers*, of Wichita, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This appeal is concerned with the right of a land-owner to deal with surface and drainage waters where the rights of an adjacent landowner are concerned.

The plaintiff, A. C. Skinner, owns a quarter-section farm some two miles southeast of Belle Plaine in Sumner county. The defendant Jennie Wolf owns a quarter-section farm immediately south of plaintiff's. A section line road running east and west separates these farms. Defendant's farm has a slightly lower elevation than plaintiff's, so that in times of heavy rainfall the natural drainage of plaintiff's farm and of a considerable area in addition thereto from the vicinity of Belle Plaine flows southeastwardly across defendant's farm, although there is no well-defined watercourse thereon. There is a stream known as the Cowskin creek somewhere northeast of plaintiff's and defendant's farms, and part of the natural

drainage of the Belle Plaine neighborhood would be in the direction of that stream. There are roadside ditches thereabout, and an artificial embankment about a mile northwest of plaintiff's farm hinders the natural flow towards the Cowskin and increases the flow southeastwardly over plaintiff's farm and into a roadside ditch running easterly on the north side of defendant's farm. In times of much rainfall that ditch will not carry all the water which comes its way, and in consequence it flows across defendant's farm. To prevent this, defendant and her agent and codefendant, E. L. Foltz, constructed a low dike or embankment on her land, paralleling the ditch, at the place where the surplus surface and ditch waters were wont to enter her property. The result of this obstruction to the natural flow, whenever the rainfall is.beyond the capacity of the roadside ditch to carry away, has been to back up the surface water on plaintiff's farm, to his serious detriment and injury.

Hence this lawsuit. Plaintiff's petition stated his conception of the facts. He alleged that there was a natural watercourse running from northwest to southeast across plaintiff's farm and onward across the Wolf farm, and that defendants caused a dike to be built immediately south of the north line of the Wolf farm, and that during freshets this dike caused an overflow on the land of plaintiff, on account of which he prayed for damages and for an injunction forbidding the maintenance of the dike.

Defendant answered admitting the construction of the dike, but denied that it was created across a natural watercourse or that it impounded water on plaintiff's land or otherwise injured him. The answer also alleged that prior to the construction of the dike by defendants the surface and flood waters on the land of plaintiff and of third persons to the northwest which would naturally flow towards Cowskin creek had been obstructed by an embankment and diverted by dikes, ditches and drains toward and upon the land of defendant Wolf, and but for such action on the part of plaintiff and others such additional waters would not reach defendant's land. Defendant Jennie Wolf amplified these latter allegations in a cross petition, charging plaintiff with the maintenance of dikes, tile drains and embankments on his property whereby waters were collected into a dug ditch adjacent to defendant's property on the north, and by recurring overflows thereof she was greatly and irreparably damaged, for which grievance defendant prayed for injunctive relief against plaintiff.

On these issues the trial court heard the evidence of the litigants, made some twenty-four findings of fact, and gave judgment for plaintiff.

Defendants appeal.

It would have greatly expedited and simplified the task of this court in reviewing this judgment if a free-hand sketch had been furnished us showing the relative locations of places familiarly referred to in this record by witnesses, litigants, trial court and counsel, but which are unknown and hardly discoverable by this court from the record — Belle Plaine, Cowskin creek, the Nye land, Foltz's land, Bishop's land, Will Nye's land, as well as the courses of the roadside ditches and the like. Such a sketch would not be evidence, but would helpfully illuminate the testimony, the findings and the arguments of counsel. If the accuracy of such a sketch were disputed each party could furnish one of his own.

So far as the judgment in favor of plaintiff rests on disputed issues of fact supported by some evidence, it is, of course, unassailable, in this review. So far as concerns defendant's cross appeal, also, the judgment is in effect a finding that plaintiff is not responsible for the obstruction somewhere to the northwest which diverts the flow of surface and drainage waters coming from the vicinity of Belle Plaine and which would naturally flow north and east of plaintiff's farm towards Cowskin creek. The net result is that plaintiff does have a redressible grievance against defendant because defendant's dike does prevent the free passage of surface waters from plaintiff's higher land to defendant's lower land. And since the court refused to find that the obstruction northwest of plaintiff's farm prevented part of the surface and drainage waters around Belle Plaine from flowing towards Cowskin creek, these defendants must receive those waters—at least so far as plaintiff is concerned. · They may, indeed, have redress against whoever has created the obstruction which diverts part of this drainage from its natural course towards the Cowskin, but that is of no present concern in this lawsuit.

Defendants press on our attention a finding of the trial court that the lay of the land thereabout is such that in seasons of much rainfall plaintiff's land would be subjected to overflow even if defendant's dike and ditch did not exist. But even so, since these did tend to dam or retard the flow of water on plaintiff's land (finding 15) he was entitled to injunctive relief to abate them.

Defendant propounds a constitutional question whether the

statutes, Laws 1911, chapter 175, and Laws 1917, chapter 176 (R. S. 24-105, 24-106), do not, without compensation, deprive a landowner of the right formerly enjoyed by a property owner under the settled law of this state to repel surface waters coming on his land from the higher land of adjacent proprietors? This question was considered in *Martin v. Lown*, 111 Kan. 752, 208 Pac. 565, and there held that the substitution of the rule of the civil law for that of the common law concerning the disposition of surface waters was not unconstitutional, and as no substantial injustice has been brought to this court's attention because of the application of the civil-law rule, we are not disposed to reconsider that decision. In this particular case the civil-law rule (R. S. 24-105, 24-106) certainly is as beneficial to defendants as it is to plaintiff. It effectively prevents the defendants' neighbors owning lands at a lower level than theirs from damming up surface and ditch waters on defendants' land just as these statutes and this judgment protect the plaintiff from the dike sought to be maintained by defendants.

A painstaking review of this record and of the brief of appellants' counsel discloses no prejudicial error on the part of the trial court which would permit this judgment to be disturbed.

The judgment is affirmed.