No. 38,115

LOUIS KRAUS, *Appellee*, v. ELLA STRONG, *Appellant*.

(227 P. 2d 93)

Opinion filed January 27, 1951.

*Harold H. Malone*, of Wichita, argued the cause and was on the briefs for the appellant.

*Clyde Wendelken, Jr.*, of Wichita, argued the cause, and *Clarence R. Sowers*, of Wichita, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: This appeal arises out of an action by a downstream owner of farm land against an upstream owner for damages on account of flooding allegedly caused by defendant's construction of a dike or levee on his own land along one bank of a natural watercourse which runs through plaintiff's and defendant's lands.

Trial was had by a jury which answered special questions and returned a verdict for plaintiff in the amount of $1,000. Defendant's

motion for a new trial being overruled he has appealed and alleges nine specifications of error.

The amended petition states two alleged causes of action, the first being for damages in the sum of $15,400 for damages to plaintiff's crops and land, and the second is for a mandatory injunction ordering defendant to remove the levee.

The parties will be referred to as in the court below, and defendant's first specification of error is that the court erred in overruling his demurrer to the amended petition and the opening statement of plaintiff.

From the record before us it appears that plaintiff's opening statement, after relating to the jury the residence of the parties, consisted of a reading of the amended petition. At the close thereof defendant demurred on the ground that a cause of action was not stated. This demurrer was overruled. We thus have the question whether the amended petition states a cause of action.

After stating the residence of the parties and the legal description of the tracts of real estate in question, it alleges that defendant's land was directly south and adjacent to plaintiff's property; that a natural watercourse or creek flowed in a generally northeasterly direction across both properties, and

"7. That on or about the 5th day of October, 1948, the defendant constructed a levee or mound of dirt, along the northern bank of said creek, beginning at a point about 600 feet before said creek enters the south half of the southeast quarter of Section 4, and running parallel to said creek bank to a point approximately 190 feet from where said creek flows onto the aforesaid land of the plaintiff; that said levee was of the approximate heighth (sic) of four feet, and varied in width of from 15 to 20 feet; that said levee obstructed and held the natural overflow of said natural water course narrowly channeled between the levee and the opposite bank, until it had passed through the aforesaid tracts of land owned by the defendant; . . . that by reason of the damming of the usual and natural course of drainage, the overflow waters were diverted to the land of the plaintiff, and discharged in an unnaturally large amount and velocity; . . ."

and then follow allegations with reference to the flooding of plaintiff's property and damage alleged to be the natural result thereof.

Defendant contends the amended petition, construed most favorably to plaintiff, merely alleged that defendant, the upper landowner, constructed a levee along the bank of a natural watercourse on his own land to repel flood waters from such natural watercourse, something which, under the provisions of G. S. 1935, 24-105, he

was permitted to do, and therefore no cause of action is stated. Applicable portions of that statute read:

"A landowner or proprietor shall not construct or maintain a dam or levee for the purpose of obstructing or collecting and discharging with increased force and volume the flow of surface water to the damage of the adjacent owner or proprietor; but nothing herein shall be construed as preventing an owner of land from constructing a dike or levee along the bank of a natural watercourse to repel flood waters from such natural watercourse: . . . *Provided further,* That where such surface water is the overflow of a watercourse on the premises of an adjacent upper landowner and such upper landowner has not constructed or maintained a levee along the bank of such watercourse to prevent overflow, any landowner may make application to the chief engineer of the division of water resources stating in such application that an upper landowner, whose name and address is given in the petition, has not constructed a levee on his land to prevent the overflow from the stream, and requesting permission to build a levee on his own land to repel such flood water. . . ."

We think that defendant's contention is well-taken. From a reading of the statute it is obvious that defendant had the right to construct a levee on his own land along the bank of the creek in question to repel flood water from such natural water course. The latter portion of the statute has reference to *surface water* which is the overflow of a watercourse on the premises of an adjacent *upper* landowner where such *upper* landowner has *not* constructed or maintained a levee along the bank of such watercourse so as to prevent overflowing. It is in such latter instance that the *lower* landowner must obtain consent of the chief engineer of the division of water resources to build a levee on his own land to repel flood water coming down from above. However, that is not the case before us and all that is alleged here is that the levee constructed by defendant held the natural overflow of the creek narrowly channeled between the levee and the opposite bank. There is no allegation that the levee in any way diverted overflow *surface water* from above onto the land of plaintiff.

Questions pertaining to the respective rights of landowners in situations similar to this have been before this court on numerous occasions. In *Horn v. Seeger,* 167 Kan. 532, 207 P. 2d 953, the authorities were reviewed and the statute, *supra,* was again considered. No good purpose would be served in quoting from that opinion, but the holding in that case as applied to the question now before us means that here the defendant was entirely within his rights *in confining the waters of the creek in question to its channel*

*so as to protect his own property from overflow.* It therefore follows that plaintiff's amended petition and opening statement did not state a cause of action and the demurrer thereto should have been sustained.

In view of our decision it becomes unnecessary to discuss other alleged trial errors relied upon by defendant for reversal of the judgment. The judgment of the lower court is reversed with directions to sustain defendant's demurrer to the amended petition and opening statement of plaintiff.