No. 38,302

THE STATE OF KANSAS, ex rel. HAROLD R. FATZER, Attorney General, *Appellant*, v. GOVAN MILLS, W. A. DEWITT, and GEORGE SMITH, *Appellees*.

(233 P. 2d 720)

Opinion filed July 3, 1951.

*Warden L. Noe*, assistant attorney general, argued the cause, and *Harold R. Fatzer*, attorney general, *J. Raymond Eggleston*, county attorney, and *Riley W. MacGregor, Vernon F. Coss* and *John W. MacGregor*, of Medicine Lodge, were with him on the briefs for the appellant.

*W. Luke Chapin*, of Medicine Lodge, argued the cause and was on the briefs for appellee Govan Mills.

The opinion of the court was delivered by

WERTZ, J.: This was an action by the state on relation of the attorney general to enjoin defendant Govan Mills from maintaining certain levees constructed parallel to the Medicine Lodge River as well as other levees across the valley and overflow plane of said river, and to compel removal and leveling of such levees. Pertinent portions of the allegations of the petition are that Govan Mills owns and occupies a certain portion of section 19, township

31 south, range 13 west, in Barber county, Kansas. The Medicine Lodge River flows over, across and through this real estate in an easterly direction, the river being subject to overflow. Subsequent to 1929, defendant Mills constructed certain levees in section 19 along the south bank of the Medicine Lodge River near the east-west half section line of said section, with the upstream end of said levees veering away from said river and stream and extending southward a distance of about 500 feet at approximately right angles to the channel of said river and parallel to a small stream flowing into the Medicine Lodge River, and with a portion of said levees extending downstream approximately parallel to said river and stream a distance of about 1,300 feet; that in the southeast quarter of said section 19, defendant Govan Mills constructed another levee along the bank of said river and approximately parallel thereto to a distance of about 900 feet; that the upstream end of said levee veers westward at a tangent from the channel of said stream for a distance of approximately 400 feet, said tangent being at approximately a right angle to said stream; that a portion of said levees in said section 19 obstruct the flow of surface waters which are the overflow from said river and stream to the damage of upper landowners. It is further alleged that the Mills levees in the southeast quarter of section 19 obstructed, collected and discharged with increased force and volume the flow of surface water which was the overflow from the river to the damage of the adjacent upper landowner, towit, the C. E. Vanderplas Estate; that the said upper landowner had not constructed or maintained any levees along the bank of said stream and watercourse to prevent such overflow; that the levees constructed by defendant Govan Mills, as aforedescribed, repel and change the flood waters of said river and stream and cause the flow of said waters to be repelled and deflected to the damage of the adjacent upstream landowner and to the damage of the public highway adjacent to sections 19 and 20.

None of the defendants made any application to the chief engineer, division of Water Resources, for approval of any levees, improvements, or other structures on, along or near the bank of the Medicine Lodge River in Barber county, Kansas, for the purpose of repelling surface water which is the overflow of said river and watercourse, either on the premises of said defendants or which overflowed from the premises of adjacent upper landowners. The adjacent upper landowners have not constructed or maintained any

levees on their lands. The chief engineer of the state division of water resources requested the attorney general of the state of Kansas to file suit seeking to enjoin the defendant from maintaining or causing to be maintained, the aforementioned levees when he had not obtained approval of said engineer to so construct and maintain the levees. The petition closes with a prayer that defendant Mills be required to remove all levees and to restore the elevation of the land as it existed prior to the construction of such levees.

Defendant Mills filed an answer admitting the construction of the levees but denying that the levees so constructed on his own land divert the flow of surface water to the damage of any adjacent owner; that the levees constructed by him required any approval by the chief engineer; that the state has any authority to enjoin him from constructing or maintaining such levees or cause him to remove such levees; and specifically denying that the state has any right or authority under Kansas laws to maintain this action.

Plaintiff for reply generally denies all allegations of new matter contained in the answer.

The issues having been framed by the pleadings, the trial court held a brief pretrial conference (G. S. 1949, 60-2705) wherein the parties entered into various stipulations, the following being pertinent to this controversy:

1. That none of the land involved in this case is within any drainage or levee district organized under the laws of the state of Kansas.

2. That the provisions of G. S. 1935, 82a-301 to 305, inclusive, pertaining to obstructions to streams, were not applicable in this action.

3. That the division of water resources, state board of agriculture, has not completed any general plan for drainage or flood control in the Medicine Lodge River area.

Subsequent thereto plaintiff filed a motion for determination of certain questions of law in advance of trial (G. S. 1949, 60-2704, 60-2902). Five questions were submitted to the court, the answers to two of which were stipulated by the parties. The three remaining were decided by the court, and from the court's decisions thereon, the plaintiff has appealed to this court. The questions will be considered in order.

1. We will first determine whether the state on relation of the attorney general has a legal right to maintain this action. That question was raised by defendant's answer.

This action is predicated on G. S. 1949, 24-105, pertinent provisions of which are as follows:

"A landowner . . . shall not construct or maintain a . . . levee for the purpose of obstructing . . . the flow of surface water to the damage of the adjacent owner; . . . but nothing herein shall be construed as preventing an owner of land from constructing a dike or levee along the bank of a natural watercourse to repel floodwaters from such natural watercourse . . . *Provided further,* That where such surface water is the overflow of a watercourse on the premises of an adjacent upper landowner and such upper landowner has not constructed or maintained a levee along the bank of such watercourse to prevent overflow, any landowner may make application to the chief engineer of the division of water resources stating . . . and requesting permission to build a levee on his own land to repel such flood water. The chief engineer [after hearing and finding] . . . may then grant permission for its construction. . . ."

It is alleged in the petition that the levees constructed by defendant repel and change the flood waters on the Medicine Lodge River and stream and cause the flow of said waters to be repelled and changed to the damage of adjacent upstream landowners and to the damage of the public highway adjacent to defendant's land. It may be conceded that if the levees constructed by defendant were causing damage as alleged to the public highway adjacent to his land, thereby becoming a nuisance to the general public, it was the duty of the attorney general to bring an action in the name of the state to abate such alleged public nuisance. However, the attorney general in the name of the state of Kansas has no authority in the absence of a statute to assume the burden of conducting an action for injunctive relief on behalf of an individual adjacent upper landowner. The allegations of the petition to the effect that the adjacent upper landowner was damaged by defendant's action in constructing the levees was merely surplusage insofar as the state's action was concerned and not pertinent to the injunction action, and opened a field of controversy not contemplated by the statute. (*State, ex rel., v. Ross,* 159 Kan. 199, 152 P. 2d 675; *State, ex rel., v. Vandyne,* 159 Kan. 378, 155 P. 2d 458.)

2. Plaintiff states that the law question of the applicability of the statement "operating under any of the drainage or levee laws of the state of Kansas" as it appears in G. S. 1949, 24-126, should be determined. Said section insofar as applicable to the question provides as follows:

"From and after the taking effect of this act it shall be unlawful for any person, corporation, drainage or levee district, operating under any of the drainage or levee laws of the state of Kansas, without first obtaining the approval of plans for the same by the chief engineer of the division of water resources, to construct, cause to be constructed, maintain or cause to be main-

tained, any levee or other such improvement on, along or near any stream of this state which is subject to floods . . ."

Plaintiff contends that the legislature in using the word "person" intended the statute to apply to individuals as well as to drainage and levee districts, and that the comma after the word "district" and preceding the clause "operating under any of the drainage or levee laws of the state of Kansas" in said statute should be deleted to more clearly show the actual legislative intent, and further contends that it is within the province of this court to so determine. Appellee contends that taking this statute as written and adopted, it applies to individuals only if such individuals are operating under any of the drainage or levee laws of the state of Kansas. It was stipulated between the parties that none of the land involved in this action was within any drainage or levee district organized under the laws of Kansas. Moreover, there is no allegation in the petition contending that defendant was operating under any of the drainage laws of Kansas. The statute in controversy has been in force in this state for a number of years and has been before this court on several occasions. In view of our decisions, the legislature has not seen fit to delete the comma after the word "district" and change the meaning of the statute to conform with what appellant contends was its intent in framing the statute. It is the function of this court to interpret statutes and not to rewrite legislation. (59 C. J. 995, 50 Am. Jur., Statutes, §§ 231, 358.) We do not believe that section 24-126 is ambiguous or uncertain as written and punctuated, but that it has reasonable meaning as written, and applies only to persons, corporations and drainage districts operating under the drainage laws of the state of Kansas. Inasmuch as defendant does not fall within this class, the mentioned statute has no application in this case.

As to the second question, plaintiff seeks to avoid this statement contained in section 24-105, "but nothing herein shall be construed as preventing an owner of land from constructing a dike or levee along the bank of a natural watercourse to repel floodwaters from such natural watercourse . . .," and contends that such provision does not exempt the defendant from the requirements of section 24-126 as to that portion of his levees which are parallel to the banks of a natural watercourse. As heretofore stated, section 24-126 has no application in this case, inasmuch as defendant was not operating under any of the drainage laws of Kansas. This contention of appellant is in direct conflict with our holding in the case

of *Jensen v. Buffalo Drainage Dist.*, 148 Kan. 712, 84 P. 2d 961, where it was held that a landowner not in a regularly organized district and who had not obtained the approval of the chief engineer, has a right to build a dike or levee to repel flood waters from such natural watercourse as prescribed and related in said section 24-105. And again in *Horn v. Seeger*, 167 Kan. 532, 207 P. 2d 953, we stated in connection with the rights of the landowner not in a drainage or levee district and who had not obtained approval of the chief engineer to build a levee, had the right to construct a levee along and practically parallel with the banks of a natural watercourse. Again in the most recent opinion, *Krause v. Strong*, 170 Kan. 459, 227 P. 2d 93, we held that under the mentioned statute a landowner may construct a dike or levee on his own land along the bank of a natural watercourse so as to repel flood waters from such natural watercourse. We agree with the trial court when it stated in answer to the question as related that it had been fully determined and answered in the cases of *Jensen v. Buffalo Drainage Dist.*, supra, *Horn v. Seeger*, supra, and now in *Krause v. Strong*, supra. In the opinion last mentioned, we said at page 461:

". . . From a reading of the statute it is obvious that defendant had the right to construct a levee on his own land along the bank of the creek in question to repel flood water from such natural watercourse. The latter portion of the statute has reference to *surface water* which is the overflow of a watercourse on the premises of an adjacent *upper* landowner where such *upper* landowner has *not* constructed or maintained a levee along the bank of such watercourse so as to prevent overflowing. It is in such latter instance that the lower landowner must obtain consent of the chief engineer of the division of water resources to build a levee on his own land to repel flood water coming down from above . . ."

3. Plaintiff contends that section 24-126 is in conflict with section 24-105. Inasmuch as this action was brought under section 24-105 and we have held that section 24-126 is not applicable in this case, plaintiff's third question becomes moot.

It may be stated that the allegations of the petition are much broader in scope than the questions of law presented for review in this appeal. With this in view, we are determining in this case only the questions of law as submitted and are not considering facts which may be disclosed by the evidence on the trial of the issues involved as between the state of Kansas and the defendant with reference to whether the levees as constructed caused damage to the public highway to such an extent as to constitute a public nuisance.

The case is remanded to the lower court with instructions to proceed with the trial at the instance of the state to determine whether the levees constructed as alleged are causing damage to the public highway so as to constitute a public nuisance. As so modified, the judgment of the lower court is affirmed.