No. 38,383

THE STATE OF KANSAS, ex rel. HAROLD R. FATZER, Attorney General, *Appellant*, v. M. R. BARNES, N. C. CARROLL, E. LEE CARROLL, GALE R. CARROLL, HARRY D. BELLAMY, E. G. BELLAMY and FAIR-VIEW LAKES CORPORATION, *Appellees*.

(233 P. 2d 724)

Opinion filed July 3, 1951.

*Warden L. Noe,* special assistant attorney general, of Topeka, argued the cause, and *Harold R. Fatzer,* Attorney General, of Topeka, *Alfred Williams,*

County Attorney, and *John Megaffin,* City Attorney, both of Pratt, were with him on the briefs for the appellant.

*Emmet A. Blaes,* of Wichita, argued the cause, and *E. R. Barnes,* of Pratt, and *W. D. Jochems, J. Wirth Sargent, Roetzel Jochems, Robert G. Braden,* and *S. C. Durbin,* all of Wichita, were with him on the briefs for the appellees.

The opinion of the court was delivered by

Harvey, C. J.: This was an action by the state on the relation of the attorney general for a mandatory injunction requiring defendants to move a certain levee or dike and restore the land to its former elevation; and further, to enjoin defendants from repairing, improving or maintaining the levee. The appeal is from an order of the court sustaining defendants' demurrer to plaintiff's second amended petition.

Briefly summarized the petition alleges that the action is brought under and by virtue of the laws of the state of Kansas, and particularly G. S. 1949, 24-105; 24-126 (since amended by Chap. 261, Laws 1951); 82a-301 to 82a-305 inclusive; that the defendant Barnes is the owner of a described tract of land in the southwest quarter of section three, township twenty-eight south, range thirteen west of the 6th P. M.; that the Ninnescah river, a stream and watercourse within the state which is subject to floods and overflow, enters the described land from the west and flows easterly over and through the land; that within ten years prior to the filing of the petition Barnes' predecessor in title, being then engaged in the sand and gravel pumping business, constructed a levee along and near the south bank of the Ninnescah on the land above described, extending from the roadbed of the highway along the west side of the section eastward for a distance of approximately 1,550 feet, which levee varies approximately 5.2 feet to 13.3 feet above the natural elevation of adjacent land, and also constructed a levee from the east end of the above described levee southward approximately 611 feet to and connected with the roadbed of Highway U. S. 54, an east and west highway on the south of the section; that each of the highways mentioned is an elevated roadway which, together with the levees, forms a ring dike or ring levee within the overflow area of the Ninnescah river; that the described levees, separately and in conjunction with the roadbeds of the highways, obstruct and repel flood waters and surface waters, which are the overflow of the stream, on the premises of adjacent upper landowners, to wit: Louise Smith and H. R. Morrison, trustees, Leda Morrison, Luella

Harkrader, Bessie Smith, Mildred Smith, and George Rockwell Smith; that the defendants Barnes and Fairview Lakes Corporation are threatening to repair and maintain the levees, which will obstruct, repel and change the surface and flood waters which are the overflow of the Ninnescah river upon the premises of the above named landowners, and over and upon lands owned by the city of Pratt known as Lemon Park, to the damage of the city, and that the location of the levees and adjacent area are shown by a plat attached to the petition.

It was further alleged that none of the defendants, either individually or collectively, has obtained from the chief engineer of the division of water resources of the Kansas State Board of Agriculture any approval of plans for any levees or other improvements or structures along or near the Ninnescah river in Pratt county, nor have they made application therefor; that the chief engineer of the division of water resources of the Kansas State Board of Agriculture has requested the attorney general to bring this action. The prayer was that the defendants, and each of them, be required to remove the levees from the real estate previously described, and that defendants be required to restore the land upon which the levees are located to the condition and elevation as they existed prior to the construction of the levees, and further that they be enjoined from repairing, enlarging or maintaining any levees, improvements or structures within the overflow area and flood plane of the Ninnescah river in Pratt county which would change the flood waters of the stream and discharge the same with increased force and volume of flow, to the damage of adjacent landowners, without first having obtained permission and approval of plans for the same from the chief engineer of the division of water resources.

The petition did not allege that the land involved in this case is within any drainage or levee district organized under the laws of this state, and it is conceded that it is not within any such drainage or levee district. It was not alleged in the petition that the chief engineer of the division of water resources of the State Board of Agriculture has prepared, or completed any general plan for the drainage or flood control along the Ninnescah river or its flood area.

Obviously the petition in this case discloses that plaintiff is not seeking an injunction because of alleged damages to any public property, as in *State v. Nye,* 85 Kan. 559, 117 Pac. 1014, where

it was alleged that defendant had built a levee in such a way as to flood a highway; or in *State, ex rel., v. Mills,* 171 Kan. 397, 233 P. 2d 720, this day decided, where the relief sought arose in part from alleged damages to a highway. This action is brought for the benefit of named property owners alleged to have been damaged by the construction of the levee described in the petition. Such actions may be brought by the individual or party alleged to have been damaged. (See, *Martin v. Lown,* 111 Kan. 752, 208 Pac. 565; *Jensen v. Buffalo Drainage Dist.,* 148 Kan. 712, 84 P. 2d 961; *Horn v. Seeger,* 167 Kan. 532, 207 P. 2d 953; *Kraus v. Strong,* 170 Kan. 459, 227 P. 2d 93.)

The demurrer in this case was upon three grounds: (1) That the statutes relied upon by plaintiff as authority to maintain this action are unconstitutional as violative of Art. 2 of our Constitution; (2) if valid, the statutes have no application here; and (3) that the petition did not state facts sufficient to constitute a cause of action.

The trial court sustained each of these grounds. Courts are reluctant to hold acts of the legislature invalid, and uniformly decline to do so when there is one or more other grounds upon which the decision can be based. We do note that G. S. 1949, 24-105, before the amendment thereto by Chapter 184, Laws of 1931, was held valid in *Martin v. Lown,* supra, and that 24-126 was held valid in *State, ex rel., v. Stonehouse Drainage Dist.,* 152 Kan. 188, 102 P. 2d 1017, when attacked upon constitutional grounds. We note also that our last legistlature amended both of these sections by Chapter 261, Laws of 1951. A determination of the constitutionality of these sections is not necessary for a decision of this case, as will presently appear. We therefore disapprove of the ruling of the trial court on this question in order that such ruling may not be regarded as a precedent at some later time when the court is called upon to consider the validity of the statutes in a case where a determination of that question is necessary to a decision.

The court also sustained the demurrer upon the other two grounds. Without analyzing these separately or in detail we approve the ruling of the court upon these grounds for the reason that the state does not conduct litigation to enforce the rights of individual litigants. If so, it would be a party in every lawsuit.

The statutes relied upon by plaintiff, insofar as they give the state on the relation of the attorney general or the county attorney the right to maintain an action, must be construed as authorizing actions only for the public and not for private interests. This has been determined in the case of *State, ex rel., v. Mills,* supra, this day decided.

The judgment of the trial court is affirmed.