No. 43,649

MELVIN W. REEDER and MAISIE M. REEDER, *Appellants,* v. THE BOARD OF COUNTY COMMISSIONERS OF ROOKS COUNTY, KANSAS; L. E. HUTCHCRAFT, FRANK ADAMS and HUGH MEADE, each individually; L. E. HUTCHCRAFT, FRANK ADAMS and HUGH MEADE, as the Board of County Commissioners of Rooks County, Kansas; FRANK TYSON, individually; FRANK TYSON, as County Engineer of Rooks County, Kansas, and JOHN RUSS, *Appellees.*

(392 P. 2d 888)

Opinion filed June 6, 1964.

*Stanley Krysl,* of Stockton, argued the cause, and *D. A. Hindman,* also of Stockton, was with him on the brief for the appellants.

*Robert Osborn,* of Stockton, argued the cause, and *W. McCaslin,* also of Stockton, was with him on the brief for the appellees.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal from an order of the trial court sustaining a demurrer to an amended petition which seeks a mandatory injunction, requiring the appellees to restore a natural watercourse to its original condition, and enjoining the appellees from thereafter changing said natural watercourse. The amended petition also asks for such other and further relief as is just and equitable.

On the state of the record presented for appellate review, the only question is whether the amended petition states a cause of action.

After alleging the residence of the parties to be Rooks County, Kansas, the amended petition alleges:

"3. That Plaintiffs are now and were during all of the times material herein the owners of the W/2 SW/4 of Section 20, Township 8 South, Range 17 West, in Rooks County, Kansas.

"4. That Defendant, John Russ is now and was during all of the times material herein the owner of the W/2 NW/4 and NW/4 SW/4 of Section 29, Township 8 South, Range 17 West, in Rooks County, Kansas.

"5. That Elm Creek as situated in Sections 30, 29, and 20, Township 8 South, Range 17 West, Rooks County, Kansas, is a natural water course and in normal seasons carries a flow of water. That from time immemorial Elm Creek has meandered through Sections 30, 29 and 20, running from the South in a northerly direction, all as per a plat thereof, hereto attached, marked Exhibit 'A' and made a part of this petition.

"[Exhibit 'A' discloses that a county road runs north and south between Sections 29 and 30, dividing the land owned by Russ in Section 29 from that immediately adjacent thereto on the west in Section 30. Elm Creek flows in a northerly direction through these farms and meanders back and forth across the section line between Sections 29 and 30 nine times. Appellants' land is in Section 20 located immediately across an east-west road from the property owned by Russ in Section 29, the Russ land being located south of the appellants' land. Elm Creek flows from the Russ land in a northerly direction as it crosses the road and enters the appellants' land.]

"6. That commencing in the month of May, 1962 and continuing through June of 1962, said defendants acting in their governmental and/or individual capacities, as is believed by these plaintiffs, caused a channel change to be built and maintained across the W/2 NW/4 and NW/4 SW/4 of said Section 29, Township 8 South, Range 17 West, Rooks County, Kansas, all as shown by Exhibit 'A' hereto attached and made a part hereof; said channel being of sufficient size that it carries all of the water formerly carried by said Elm Creek.

"[As shown by the plat, marked Exhibit 'A', the channel change was constructed in such a manner that it kept the channel of Elm Creek east of the county road which runs between Sections 29 and 30. This channel constructed on land owned by Russ is nearly straight and empties into the channel of Elm Creek near the road which separates the appellants' land from that of Russ.]

"7. That since said channel has been built and maintained, the results thereof have been that it has caused surface and flood waters formerly carried by said Elm Creek to be projected against, upon and over the W/2 SW/4 of said Section 20, Township 8 South, Range 17 West, Rooks County, Kansas, and owned by Plaintiffs, with materially greater force and volume, thereby causing said Plaintiffs' land to wash and overflow in materially greater amounts and that new channels are being cut across some of the best farm land owned by said Plaintiffs.

"8. That said channel change was caused to be made by said defendants and all of them without their first obtaining the approval of plans for the same by the Chief Engineer of the Division of Water resources of the State of Kansas, contrary to Section 24-126 G. S. Supplement of 1951. That said channel change as constructed and maintained is so done in violation of said Section 24-126 G. S. 1951 supplement and in violation of other established laws of the State of Kansas, and decisions of the Supreme Court of the State of Kansas.

"9. That on July 5, 1962, immediately after said channel change had been completed, and after the first rain thereafter, Plaintiffs caused a notice to be sent to each of said defendants, a copy of which is hereto attached, marked Exhibit 'B', and made a part of this petition. That said defendants, and each of them have failed and still fail to take any action whatsoever to remedy the situation.

"[Exhibit 'B' in substance notified the defendants of the plaintiffs' complaint by reason of the channel change, and further notified them that unless immediate steps were taken to restore Elm Creek to its original channel suit would be brought for damages and for a mandatory injunction.]

"10. That Plaintiffs' land aforesaid is being materially damaged as a result of the channel change made to said Elm Creek and presently maintained as aforesaid, and Plaintiffs have no adequate remedy at law.

"11. That defendants and each of them should be ordered to replace or restore said premises and said natural water course to its original condition and enjoining defendants from thereafter changing said natural water course.

"Wherefore, Plaintiffs pray that they be granted relief in the form of a mandatory injunction requiring defendants to replace or restore said premises, namely the W/2 NW/4 and NW/4 SW/4 of Section 29, Township 8 South, Range 17 West, Rooks County, Kansas, and said natural water course to its original condition and enjoining defendants from thereafter changing said natural water course, and for such other and further relief as is just and equitable."

This court's function on appellate review is to construe the pleading as a whole to determine whether sufficient facts have been alleged to state a cause of action on any theory. (*Adams v. City of Arkansas City,* 188 Kan. 391, 396, 362 P. 2d 829; and *Harrington v. Hess Construction Co.,* 191 Kan. 416, 419, 381 P. 2d 519; and authorities cited therein.)

To sustain the ruling of the trial court the appellees argue the authority of county officials to open, repair and eliminate dangerous places in county roads is statutory (citing, G. S. 1949, 68-114 and 68-115); that the duties of county engineers are contained in G. S. 1949, 68-502; and that courts take judicial notice of statutes. They argue the county, acting through its county engineer, has the duty to improve and repair county roads, and has the authority to enter upon adjoining lands to make drains and ditches. (Citing, *Breedlove v. Wyandotte County Comm'rs,* 127 Kan. 754, 275 Pac. 379; and *State v. Nye,* 85 Kan. 559, 117 Pac. 1014.)

Upon the foregoing premise the appellees urge the principle that courts will not substitute their judgment for the judgment of the duly authorized county officials, in the absence of fraud or where there is manifest or grave injustice which would constitute an

abuse of discretion. (Citing, *Shanks v. Pearson,* 66 Kan. 168, 71 Pac. 252; *Marts v. Freeman,* 91 Kan. 106, 136 Pac. 943; *Gresty v. Darby,* 146 Kan. 63, 68 P. 2d 694; *Wolf v. Fidelity & Deposit Company of Maryland,* 174 Kan. 402, 256 P. 2d 862; and many others.)

The difficulty with the foregoing argument is that the amended petition here under attack has not alleged the improvement of a county road.

In considering the sufficiency of a pleading when attacked by demurrer it is considered entirely upon the allegations contained in the petition and proper exhibits attached thereto. (*Southard v. Mutual Benefit Health & Accident Ass'n,* 177 Kan. 26, 276 P. 2d 299; and *Whitaker v. Douglas,* 177 Kan. 154, 277 P. 2d 641.) Additional facts which might constitute a defense cannot be asserted by the party attacking the petition.

As early as 1897 in the case of *Parker v. City of Atchison,* 58 Kan. 29, 48 Pac. 631, in discussing the rights of property owners to repel flood waters, this court said that it must be done in such a way as to not interfere with the rights of others. That they cannot build and maintain structures which will change the channel of the stream or project the water upon and against the property of another in such a way as will result in substantial injury to either an owner on the opposite side of the stream or those above or below. More recent cases to like effect are *Clements v. Phoenix Utility Co.,* 119 Kan. 190, 237 Pac. 1062; *Goering v. Schrag,* 167 Kan. 499, 207 P. 2d 391; and *Horn v. Seeger,* 167 Kan. 532, 207 P. 2d 953.

In *Goering v. Schrag,* supra, an action by one private landowner to enjoin another from draining surface waters from the latter's land, and to recover damages resulting from an alleged wrongful drainage of such waters, was held proper.

In *Horn v. Seeger,* supra, a mandatory injunction action between owners of riparian agricultural lands, the primary purpose of which was to determine their rights and limitations of rights in dealing with surface waters, flood waters, and overflow waters from a natural watercourse, was brought, and a mandatory injunction issued pursuant to such action was held proper on appeal.

G. S. 1961 Supp., 24-126 provides in part:

"It shall be unlawful for any person, . . . county, . . . without first obtaining the approval of plans for the same by the chief engineer of the division of water resources, to construct, cause to be constructed, maintain

or cause to be maintained, any levee or other such improvement on, along or near any stream of this state which is subject to floods, freshets or overflows, so as to control, regulate or otherwise change the flood waters of such stream; and any person, . . . county, . . . violating any provision of this act shall be deemed guilty of a misdemeanor, and upon conviction shall be punished. . . . And in the event any such structure is about to be constructed, is constructed or maintained by any person, . . . county, . . . without approval of plans by the chief engineer, it shall be the duty of the attorney general, to file suit in a court of competent jurisdiction, to enjoin the construction or maintenance of such structure: . . ."

· Prior to the amendment of this section of the statute by the Laws of 1951 (Ch. 261, § 2), the section was held to apply only to persons, corporations and drainage or levee districts "operating under any of the drainage or levee laws of the state of Kansas." (*State, ex rel., v. Mills,* 171 Kan. 397, 233 P. 2d 720; and G. S. 1949, 24-126.) The amendment in 1951, however, deleted the words "operating under any of the drainage or levee laws of the state of Kansas," and made this section of the statute also applicable to counties, among others.

Liberally construed, we think the allegations of the amended petition fall within the ambit of 24-126, *supra,* as amended. In other words, the channel change constitutes an improvement undertaken by the appellees near a stream which is subject to floods, freshets or overflows for the purpose of changing the flood waters of such stream.

The amended petition in paragraph 8 alleged failure to comply with 24-126, *supra,* as amended, in that prior approval of the plans for the channel change had not been obtained from the chief engineer of the division of water resources of the state of Kansas. In substance, therefore, it is alleged the appellees committed a criminal act causing damage to the appellants' land. Even under *Gresty v. Darby,* supra, the allegations of the amended petition would be sufficient to state a cause of action against the county. A criminal act is a culpable act of greater magnitude than one committed through malice, or one committed corruptly or capriciously.

Another statute has a bearing on this case. G. S. 1949, 82a-301, which has been in effect since 1929, provides in part as follows:

"From and after the passage of this act, it shall be unlawful for any person or persons, . . . county, . . . in any manner to change or diminish the course, current, or cross section of any stream within this state

without the consent or permit of the chief engineer of the division of water resources, in writing, previously obtained, upon written application to said chief engineer. . . ."

Liberally construed, we think the allegations of the amended petition also fall within the ambit of 82a-301, *supra.* The amended petition alleged that the appellees changed the course and current of a stream without the consent or permit of the chief engineer of the division of water resources as provided in this section of the statute, causing damage to the appellants' land.

G. S. 1949, 82a-305 provides that if any person or any officer of any county shall violate any of the provisions of 82a-301, *supra,* he shall be guilty of a misdemeanor; and if any structure for any change of the course, current or flow of a stream, or any change in the cross section of the bed or channel of any stream, is created or caused to be created without the approval of plans by the chief engineer, "then upon petition of the state of Kansas on relation of the attorney general, the construction or creation of any such obstruction or structure shall be enjoined by any court of competent jurisdiction and such court in its discretion may by mandatory injunction require the removal or modification of any such structure or obstruction."

Upon the allegations of the amended petition the acts committed by the appellees in constructing the channel change to carry all of the water formerly carried by Elm Creek, without the prior approval of the chief engineer of the division of water resources of the state, are unlawful. (*Horn v. Seeger,* 167 Kan. 532, 543, 207 P. 2d 953.)

Prior to the 1951 amendment of 24-126, *supra,* the case of *State, ex rel., v. Barnes,* 171 Kan. 491, 233 P. 2d 724, held that an action by the state on relation of the attorney general, proceeding under the alleged authority of G. S. 1949, 24-105, 24-126 and 82a-301 to 82a-305, could not be maintained for the sole benefit of private parties alleged to have sustained damage by the construction of a levee.

That decision and others heretofore cited clearly indicate the statutory sections presently under consideration were not intended to abrogate common law rights of individuals.

Cases heretofore cited establish that an individual may bring an injunction action or seek a mandatory injunction against other individuals on the facts alleged in the amended petition.

The question remains whether an individual may maintain an action for mandatory injunction on the facts alleged in the amended petition against a county (individuals acting in their governmental capacity as county commissioners).

The 1951 amendment to G. S. 1949, 24-126, in no way changed the provision relative to the duty of the attorney general to file a suit in a court of competent jurisdiction, to enjoin the construction or maintenance of the structure, which is in violation of the act. The mere fact this section of the act was amended to include counties, among other public bodies, and to broaden the scope of the act, is no reason for changing the construction of this particular provision of the statute. The provision in question is identical to the provision in 24-126, *supra,* when *State, ex rel., v. Barnes, supra,* was decided. *Horn v. Seeger,* supra, decided under the act prior to the 1951 amendment, authorized a mandatory injunction action between owners of riparian agricultural lands.

The provisions of G. S. 1949, 82a-301 and 82a-305 have not been changed since their original enactment in 1929. Insofar as 82a-305 is concerned it would appear that the trial court would have the same discretion to issue a mandatory injunction whether the culprit be an individual or a county, and whether the moving party be the attorney general or an individual. Presumably, if a public body were the culprit, it would be more difficult to show the necessity of a mandatory injunction.

On the facts alleged in the amended petition we hold that an individual may maintain an action for mandatory injunction against a county. Justice will be accomplished in situations such as these by leaving the matter to the sound judicial discretion of the trial court.

On appellate review from an order sustaining a demurrer to a petition, as here, this court is not at liberty to speculate as to what issues may ultimately be framed by the pleadings, and what the evidence may eventually disclose or establish on the trial of the issues. Therefore, other questions raised by the parties are premature at this stage of the case. (See, *Cunningham v. Blythe,* 155 Kan. 689, 127 P. 2d 489.)

The judgment of the lower court is reversed.